The judgment of the court below is as follows: "This cause coming on to be heard before his Honor, N. A. Sinclair, judge presiding at the August Term, 1933, of Superior Court of Bladen County, and it appearing to the court that at the April Term, 1933, of the Superior Court of Bladen County, on motion of H. H. Clark, attorney for the defendants, for a reference of this action, that the same was referred to R. J. Hester, attorney, who filed his said report in this court; and it further appearing to the court that no exceptions were filed to said report either by the defendants or plaintiffs; and a jury trial having been waived and the questions of facts involved submitted to the court for adjudication, together with the referee's report, and motion being made by attorneys for plaintiffs for adoption of said referee's report as the judgment of this court, said report adjuding [adjudging] that the plaintiffs were entitled to recover of the defendants the sum of $1,000.50 and interest thereon from 23 July, 1928, until paid. It is therefore, on motion of P. R. Hines and H. L. Williamson, attorneys for plaintiffs, ordered, adjudged and decreed by the court that the report filed by said referee to this action be and the same is hereby adopted as the judgment of this court, and that the plaintiffs recover of the defendants, Irene Davis, H. C. Bridger, Jr., E. N. Davis and D. M. Shaw, or either of them, the sum of $1,000.50 with interest thereon from 23 July, 1928, until paid, and that the costs of this action, including allowance to referee, be taxed against the defendants. It appearing to the court that plaintiffs, through their counsel, made a motion as of nonsuit as to the defendant, county of Bladen, it is further ordered and adjudged that a judgment of nonsuit be entered in this action as to the county of Bladen. It is further adjudged that the referee be allowed the sum of $100.00 in full for his services. It is further adjudged that the attorneys for the plaintiffs be allowed for their services in this action the sum of $350.00 jointly."
The exceptions and assignments of error and necessary facts will be considered in the opinion. *Page 567 
The only exception and assignment of error is to the judgment as signed by the court below. The defendant, Irene Davis contends that the personal judgment against her should be modified. In this we think she is correct. The record discloses that Irene Davis was the devisee under the last will and testament of W. J. Davis, clerk of the Superior Court of Bladen County, N.C.
The plaintiffs in their complaint say: "The judgment against Irene Davis, the devisee under the last will and testament of W. J. Davis, should be declared by the court to be a specific and prior lien against said property according to law," etc. And in their prayer for judgment: "That in event the funds derived from a sale of the property included in said deed of trust fails to pay and satisfy any judgment rendered herein against her, then the said judgment to be declared by the court to be a specific and prior lien against any other property that may have been owned by W. J. Davis, at the time of his death." We think the judgment should be modified in accordance with the complaint and the prayer of plaintiffs.
In Andres v. Powell, 97 N.C. 155 (160), we find: "Section 1528 (C. S., 59), enacts, that `all persons succeeding to the real or personal property of a decedent, by inheritance, devise, bequest, or distribution, shall be liable jointly and not separately, for the debts of such decedent.' And section 1529 (C. S., 60), provides, that `no person shall be liable under the preceding section, beyond the value of the property so acquired by him, or for any part of a debt that might by action or other due proceeding have been collected from the executor, administrator, or collector of the decedent, and it is incumbent on the creditor to show the matters herein required, to render such person liable.' All these acts are intended to limit the liability of executors, administrators, next of kin and heirs of decedents, and after reasonable time, to give quiet and repose to the estates of dead men."
The defendants further contend: "Accepting the findings of the referee to be true, as we must do, and as the court has done and adopted as a part of the judgment, are defendants, Bridger, Shaw and Davis liable?" We think so.
It is alleged in the complaint: "That as the plaintiffs are advised, informed and believe, the defendants H. C. Bridger, Jr., E. N. Davis, and C. M. Shaw, while acting as county commissioners of said county during the years of 1926, 1927, and 1928, failed and neglected to perform the duties of their office as required by law, in that — (a) They *Page 568 
failed and neglected to lawfully induct into office on the first Monday in December, 1926, the clerk of the Superior Court of Bladen County, in that they did not require or receive a bond from said clerk as required by law." The referee finds: "It is admitted that W. J. Davis had no bond from the time he was inducted into office in 1926."
It was the duty of the county commissioners: C. S., 1297 (12) — "To approve bonds of county officers and induct into office. To qualify and induct into office at the meeting of the board, on the first Monday in the month next succeeding their election or appointment, the following named county officers, to wit: clerk of the Superior Court, sheriff, coroner, treasurer, register of deeds, surveyor, and constable; and to take and approve the official bonds of such officers, which the board shall cause to be registered in the office of the register of deeds. The original bonds shall be deposited with the clerk of the Superior Court, except the bond of the said clerk, which shall be deposited with the register of deeds, for safe keeping," etc.
In Hipp v. Farrell, 169 N.C. 551, the liability of a public officer is thus stated, at p. 554-5: "It is recognized in this State, supported, we think, by the weight of well considered authority in other jurisdictions, that one who holds a public office, administrative in character, and in reference to an act clearly ministerial, may be held individually liable, in a civil action, to one who has received special injuries in consequence of his failure to perform or negligence in the performance of his official duty. . . . Upon the question thus presented it must at once be conceded that there is a conflict in authority, but the very decided trend of modern decision is to hold such officers liable for acts of nonfeasance, or for the negligent performance of a duty when the duty is plain, when the means and ability to perform it are shown, and when its performance or nonperformance, or the manner of its performance involves no question of discretion. In short, where the duty is plain and certain, if it be negligently performed, or not performed at all, the officer is liable at the suit of a private individual especially injured thereby, Shearman and Redfield on Negligence (3d ed.), sec. 156, thus state the rule: "The liability of a public officer to an individual for his negligent acts or omissions in the discharge of an official duty depends altogether upon the nature of the duty to which the neglect is alleged. Where his duty is absolute, certain, and imperative, involving merely the execution of a set task — in other words, is simply ministerial — he is liable in damages to any one especially injured, either by his omitting to perform the task, or by performing it negligently or unskillfully. On the other hand, where his powers are discretionary, to be exerted or withheld according to his own judgment as to what is necessary or *Page 569 
proper, he is not liable to any private person for neglect to exercise those powers, nor for the consequence of a lawful exercise of them where no corruption or malice can be imputed, and he keeps within the scope of his authority.'" See Hudson v. McArthur, 152 N.C. 445, and dissenting opinion by Brown, J., concurred in by Walker, J.
In Fore v. Feimster, 171 N.C. 551 (554), we find: "In some cases the members of the board are made indictable; in others penalties are imposed. In certain specified instances, and particularly in cases of taking official bonds of sheriffs and tax collectors, the commissioners are expressly made individually liable as sureties where they knowingly take such a bond that is inadequate or inefficient, Revisal, secs. 313 (C. S., 335), and 2914; and under penalty of forfeiting his office, their clerk is required to keep a record of the vote on official bonds so that evidence may be available as to how each member of the board has voted on these questions." Hipp v. Farrell, 173 N.C. 167; Brown v. R. R., 188 N.C. 52;Noland v. Trustees, 190 N.C. 250.
In the Fore case, supra, the violation of the particular act is made a misdemeanor. In the Noland case, supra (p. 254-5), is the following: "True, in a number of cases, notably Hipp v. Farrell, 169 N.C. 551, S. c.,173 N.C. 167, it was said, in substance, that one who holds a public office, administrative in character, and in reference to an act clearly ministerial, may be held individually liable in a civil action, to the extent of any special damages sustained by reason of his failure to perform his official duties; and in Holt v. McLean, 75 N.C. 347, there is a dictum to the effect that, under such conditions, he may also be liable criminally to the public. But these decisions were made in reference to other statutes, and they are not controlling here. The fact that the General Assembly has imposed personal liability in some cases and failed to do so in others is equivalent to a legislative declaration that, in the latter instances, individual liability is not to attach. Expressio uniusest exclusio alterius. Fore v. Feimster, 171 N.C. p. 555, and cases there cited."
C. S., 335, is as follows: "Every commissioner who approves an official bond, which he knows to be, or which by reasonable diligence he could have discovered to have been, insufficient in the penal sum, or in the security thereof, shall be liable as if he were a surety thereto, and may be sued accordingly by any person having a cause of action on said bond."
C. S., 1297 (12), above set forth is mandatory on the county commissioners. An imperative, unmistakable duty is imposed and there is no penalty or crime attached for the nonperformance of this clear ministerial duty in the act under consideration. C. S., 325, provides a *Page 570 
penalty for officers acting without bond. C. S., 326, provides for condition and terms of official bonds. C. S., 1302, fixes a penalty on any county commissioner and also makes it a misdemeanor for neglect of duty. C. S., 4384, provides that wilful omissions, neglect or refusal to discharge any duties of his office — guilty of a misdemeanor and removal from office if wilful and corrupt.
C. S., 335, supra, which makes the commissioners liable as surety for taking an insufficient bond, construed in pari materia with C. S., 1297 (12), necessarily takes the present case out of the decisions in the Fore
and Noland cases. Public officials entrusted in so important a matter as this mandatory statute, we find from the weight of authority, are held individually liable to any one injured by their wilful failure or neglect of duty. To hold otherwise would put a premium on inefficiency and neglect.
Troop, Public Officers, section 726, in part, at p. 690, thus states the principle: "But an officer owes to every individual, the duty of performing his official acts with due care; and he is consequently liable to any individual, who is injured in person or in property by reason of his negligence in performing a ministerial act. Many instances, where actions for such negligence have been sustained, against not only the officer himself, but against the sureties in his official bond, have been given in former chapters of this work."
The defendants made no exception or assignment of error on the report of the referee. The referee found: "That at the time of the death of Mr. W. J. Davis (20 April, 1928), he was due the estate of L. T. Cain the sum of $2,133.33 and not $1,132.83 (the amount turned over to Newton Robinson by his widow). The estate then is entitled to the difference between $2,133.33 and $1,132.83, which is the sum of $1,000.50, and it is found that the estate is due the interest upon the sum of $1,000.50 from 23 July, 1928, until paid."
It is too late now for defendants to complain. In Mfg. Co. v. LumberCo., 177 N.C. 404 (407), citing numerous authorities, it is said: "As to the referee's findings of fact, there was evidence to support them, and they were fully considered and approved by the judge. When this is the case, we do not review them here." Abbitt v. Gregory, 201 N.C. 577 (596);Thigpen v. Trust Co., 203 N.C. 291. For the reasons given, the judgment of the court below is
Modified and affirmed. *Page 571