## STATE v. J. M. HOCKADAY.

(Filed 24 November, 1965.)

**1. Public Officers § 11—**

G.S. 128-16 provides for the removal of a public officer for the causes enumerated for the protection of the public, and a proceeding thereunder is not a criminal prosecution, and therefore the 1959 amendment bringing justices of the peace within the purview of that statute does not preclude prosecution of a justice of the peace under G.S. 14-230 for corrupt malfeasance, this statute being applicable by its terms unless it is elsewhere provided that the defaulting officer might be indicted.

**2. Criminal Law § 4—**

A proceeding for removal of a public officer under G.S. 128-16 is not a criminal prosecution for punishment but is a civil proceeding.

**3. Statutes § 11—**

Repeals by implication are not favored.

APPEAL by defendant from *Carr, J.,* March 1965 Criminal Session of WAKE.

At November "A" Term, 1959, the grand jury returned a true bill of indictment charging that defendant, on or about August 17, 1959, in Wake County, "a justice of the peace in Wake Forest Township, Wake County, North Carolina, duly elected to the duties of that office and having taken the oath prescribed for said office, and after qualifying for said office, unlawfully, willfully and corruptly violated his oath of office according to the true intent and meaning thereof" in the way and manner specifically set forth, in violation of G.S. 14-230.

At the April 18, 1960 Term defendant, through counsel, pleaded not guilty. The jury returned a verdict of guilty. The court pronounced judgment (April 28, 1960) as follows:

"The judgment of the court is that the defendant be confined in the common jail of Wake County for a term of NOT LESS THAN EIGHTEEN MONTHS NOR MORE THAN TWENTY-FOUR MONTHS and assigned to work under the order and supervision of the State Prison Department. Upon motion of defendant and with his consent this sentence is suspended and placed on probation for 5 years, upon condition that he pay $500 fine and costs. Defendant is hereby removed from the office of Justice of the Peace of Wake County, N. C., as of this date."

In addition, the court entered a separate probation judgment (April 28, 1960) which included the provisions quoted above and specified in detail the conditions (of probation) on which the 18-24 months sentence was suspended for five years.

Defendant did not appeal from said judgment(s).

The hearing below was on defendant's undated "Motion in the Cause" (verified November 30, 1964) in which defendant asserts that, prior to the alleged misconduct of defendant set forth in said indictment, the General Assembly had repealed G.S. 14-230, as related to justices of the peace, by its enactment of Chapter 1286, Session Laws of 1959, which amended G.S. 128-16 so as to bring justices of the peace within its provisions, and therefore the court at said term in 1960 "had no jurisdiction of his person or of the charge against him."

Defendant prayed that said judgment at said term in 1960 be set aside and that the amount of the fine and court costs paid by defendant be refunded.

Judge Carr entered judgment denying defendant's said motion. Defendant excepted and appealed. On appeal, defendant assigns as error "the action of the court in refusing to set aside the judgment of Hooks, J., entered Apr. 28, 1960."

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*

*John W. Hinsdale for defendant appellant.*

BOBBITT, J.　G.S. 14-230 is a part of G.S. Chapter 14, which bears the caption, "Criminal Law," and of Article 31 thereof, which bears the caption, "Misconduct in Public Office." Under G.S. 14-230, a justice of the peace (or other official specified therein) is guilty of a misdemeanor if he wilfully omits, neglects or refuses to discharge any of the duties of his office "for default whereof it is not elsewhere provided that he shall be indicted." If such officer, after his qualification, wilfully *and corruptly* omits, neglects or refuses to discharge any of the duties of his office, or wilfully and corruptly violates his oath of office according to the true intent and meaning thereof, his punishment is by fine or imprisonment in the discretion of the court *and* removal from office. *S. v. Anderson,* 196 N.C. 771, 773, 147 S.E. 305, and cases cited; *Moffitt v. Davis,* 205 N.C. 565, 570, 172 S.E. 317. Defendant was indicted, convicted and sentenced for violation of this criminal statute.

Defendant emphasizes the clause, "for default whereof it is not elsewhere provided that he shall *be indicted.*" (Our italics.) He contends the 1959 amendment of G.S. 128-16 precluded indictment and prosecution under G.S. 14-230.

G.S. 128-16 provides:

"Officers subject to removal; for what offenses.—Any judge or prosecuting attorney of any court inferior to the superior court; any

justice of the peace, any sheriff, police officer, or constable, shall be removed from office by the judge of the superior court, resident in or holding the courts of the district where said officer is resident upon charges made in writing, and hearing thereunder, for the following causes: (1) For wilful or habitual neglect or refusal to perform the duties of his office. (2) For wilful misconduct or maladministration in office. (3) For corruption. (4) For extortion. (5) Upon conviction of a felony. (6) For intoxication, or upon conviction of being intoxicated."

The 1959 amendment, which inserted the words, "any justice of the peace," was in force and effect from and after the ratification thereof on June 20, 1959. Chapter 1286, Session Laws of 1959.

The indictment on which defendant was tried, convicted and sentenced related to alleged misconduct of defendant on or about August 17, 1959. If defendant were subject to indictment and prosecution under G.S. 128-16, it may be conceded that defendant, by reason of the clause of G.S. 14-230 quoted above, would not have been subject to indictment and prosecution under G.S. 14-230. The fallacy in defendant's position is that defendant was not subject to indictment and prosecution under G.S. 128-16.

G.S. Chapter 128 bears the caption, "Offices and Public Officers." Article 2 thereof, consisting of G.S. 128-16 through G.S. 128-20, bears the caption, "Removal of Unfit Officers." G.S. 128-17 through G.S. 128-20 prescribes the procedure *for the removal from office* of a justice of the peace (or other officer named therein) for a cause specified in G.S. 128-16. G.S. 128-16 does not purport to create a criminal offense. Nor does any provision of Chapter 128, Article 2, provide for prosecution by indictment or otherwise for any criminal offense.

The statutory provisions now codified as G.S. Chapter 128, Article 2, were considered in *S. v. Hamme,* 180 N.C. 684, 104 S.E. 174. There the proceeding was to remove from office the prosecuting officer of a recorder's court. Clark, C.J., for the Court, said: "The officer may be removed for misconduct or failure to perform the duties of his office, whether such failures were willful or habitually negligent; the statute was evidently enacted for the protection of the public, and not for the punishment of the delinquent officer. It is not a criminal proceeding for his punishment, but is a civil proceeding brought in the name of the State upon the relation of five qualified electors in the county. (Citation.) The delinquent officer is not entitled to have the issues of fact tried by a jury."

While the 1959 Act provided that all laws and clauses of laws in conflict therewith were repealed, we perceive no conflict between

G.S. 14-230 and G.S. 128-16 as amended by the 1959 Act. No provision of the 1959 Act amending G.S. 128-16 refers to G.S. 14-230. Nor may it be reasonably implied that, by bringing justices of the peace within the provisions of G.S. 128-16, the General Assembly intended to exempt justices of the peace from indictment and prosecution for the criminal offenses defined in G.S. 14-230. Repeals by implication are not favored. *S. v. Lance*, 244 N.C. 455, 457, 94 S.E. 2d 335.

It is noted that G.S. 7-115 provides procedure for the removal from office of a justice of the peace *appointed by a resident superior court judge*. In this connection, see *Swain v. Creasman*, 255 N.C. 546, 122 S.E. 2d 358; *s.c.*, 260 N.C. 163, 132 S.E. 2d 304.

Obviously, at said 1960 Term, when defendant was tried, convicted, sentenced, placed on probation, and thereupon paid the fine and costs, the court had jurisdiction "of his person."

The sole and basic ground on which defendant's "Motion in the Cause" is predicated is without merit. Hence, the judgment of Judge Carr is affirmed.

Affirmed.