144 S.E.2d 867 (1965)
265 N.C. 687
STATE
v.
J. M. HOCKADAY.
No. 503.
Supreme Court of North Carolina.
November 24, 1965.
*868 Atty. Gen. T. W. Bruton and Asst. Atty. Gen., James F. Bullock, for the State.
John W. Hinsdale, Raleigh, for defendant appellant.
BOBBITT, Justice
G.S. § 14-230 is a part of G.S. Chapter 14, which bears the caption, "Criminal Law," and of Article 31 thereof, which bears the caption, "Misconduct in Public Office." Under G.S. § 14-230, a justice of the peace (or other official specified therein) is guilty of a misdemeanor if he wilfully omits, neglects or refuses to discharge any of the duties of his office "for default whereof it is not elsewhere provided that he shall be indicted." If such officer, after *869 his qualification, wilfully and corruptly omits, neglects or refuses to discharge any of the duties of his office or wilfully and corruptly violates his oath of office according to the true intent and meaning thereof, his punishment is by fine or imprisonment in the discretion of the court and removal from office. State v. Anderson, 196 N.C. 771, 773, 147 S.E. 305, and cases cited; Moffitt v. Davis, 205 N.C. 565, 570, 172 S.E. 317. Defendant was indicted, convicted and sentenced for violation of this criminal statute.
Defendant emphasizes the clause, "for default whereof it is not elsewhere provided that he shall be indicted." (Our italics.) He contends the 1959 amendment of G.S. § 128-16 precluded indictment and prosecution under G.S. § 14-230.
G.S. § 128-16 provides:
"Officers subject to removal; for what offenses.Any judge or prosecuting attorney of any court inferior to the superior court; any justice of the peace, any sheriff, police officer, or constable, shall be removed from office by the judge of the superior court, resident in or holding the courts of the district where said officer is resident upon charges made in writing, and hearing thereunder, for the following causes: (1) For willful or habitual neglect or refusal to perform the duties of his office. (2) For willful misconduct or maladministration in office. (3) For corruption. (4) For extortion. (5) Upon conviction of a felony. (6) For intoxication, or upon conviction of being intoxicated."
The 1959 amendment, which inserted the words, "any justice of the peace," was in force and effect from and after the ratification thereof on June 20, 1959. Chapter 1286, Session Laws of 1959.
The indictment on which defendant was tried, convicted and sentenced related to alleged misconduct of defendant on or about August 17, 1959. If defendant were subject to indictment and prosecution under G.S. § 128-16, it may be conceded that defendant, by reason of the clause of G.S. § 14-230 quoted above, would not have been subject to indictment and prosecution under G.S. § 14-230. The fallacy in defendant's position is that defendant was not subject to indictment and prosecution under G.S. § 128-16.
G.S. Chapter 128 bears the caption, "Offices and Public Officers." Article 2 thereof, consisting of G.S. § 128-16 through G.S. § 128-20, bears the caption, "Removal of Unfit Officers." G.S. § 128-17 through G.S. § 128-20 prescribes the procedure for the removal from office of a justice of the peace (or other officer named therein) for a cause specified in G.S. § 128-16. G.S. § 128-16 does not purport to create a criminal offense. Nor does any provision of Chapter 128, Article 2, provide for prosecution by indictment or otherwise for any criminal offense.
The statutory provisions now codified as G.S. Chapter 128, Article 2, were considered in Hyatt v. Hamme, 180 N.C. 684, 104 S.E. 174. There the proceeding was to remove from office the prosecuting officer of a recorder's court. Clark, C. J., for the Court, said: "The officer may be removed for misconduct or failure to perform the duties of his office, whether such failures were willful or habitually negligent; the statute was evidently enacted for the protection of the public, and not for the punishment of the delinquent officer. It is not a criminal proceeding for his punishment, but is a civil proceeding, brought in the name of the state upon the relation of five qualified electors in the county. (Citation) The delinquent officer is not entitled to have the issues of fact tried by a jury."
While the 1959 Act provided that all laws and clauses of laws in conflict therewith were repealed, we perceive no conflict between G.S. § 14-230 and G.S. § 128-16 as amended by the 1959 Act. No provision of the 1959 Act amending G.S. & 128-16 refers to G.S. § 14-230. Nor may it be reasonably implied that, by bringing justices of the peace within the provisions *870 of G.S. § 128-16, the General Assembly intended to exempt justices of the peace from indictment and prosecution for the criminal offenses defined in G.S. § 14-230. Repeals by implication are not favored. State v. Lance, 244 N.C. 455, 457, 94 S.E.2d 335.
It is noted that G.S. § 7-115 provides procedure for the removal from office of a justice of the peace appointed by a resident superior court judge. In this connection, see State on Relation of Swain v. Creasman, 255 N.C. 546, 122 S.E.2d 358; s. c., 260 N.C. 163, 132 S.E.2d 304.
Obviously, at said 1960 Term, when defendant was tried, convicted, sentenced, placed on probation, and thereupon paid the fine and costs, the court had jurisdiction "of his person."
The sole and basic ground on which defendant's "Motion in the Cause" is predicated is without merit. Hence, the judgment of Judge Carr is affirmed.
Affirmed.