STATE OF NORTH CAROLINA *EX REL.* ALAN C. LEONARD, DISTRICT AT-
   TORNEY FOR THE TWENTY-NINTH JUDICIAL DISTRICT v. DAMON H. HUSKEY,
   SHERIFF OF RUTHERFORD COUNTY

No. 8329SC967

(Filed 20 December 1983)

**Appeal and Error § 6.2; Public Officers § 12; Rules of Civil Procedure § 1; Sheriffs
   § 1— action to remove sheriff—rules of civil and criminal procedure not appli-
   cable—appealability of interlocutory order**

   In an action brought by the State seeking to remove defendant sheriff
   from office pursuant to G.S. §§ 128-16 to -20, the State had a substantial in-
   terest in the speedy resolution of the removal proceedings against the sheriff
   and could appeal from an order granting defendant's motion for a 120 day
   discovery period, even though it was interlocutory, since it threatened to delay
   the trial significantly. The action to remove a sheriff from office is neither civil
   nor criminal, but is merely an inquiry into the conduct of the officeholder to
   determine whether he is unfit to continue in office; therefore, the Rules of
   Civil Procedure and the Rules of Criminal Procedure do not apply.

APPEAL by petitioner-relator from *Grist, Judge.* Order entered 4 August 1983 in RUTHERFORD County Superior Court. Heard in the Court of Appeals 2 December 1983.

Petitioner brought this action seeking to remove defendant from office pursuant to G.S. §§ 128-16 to -20. The petition alleged numerous instances of misconduct and abuse of office. Defendant quickly served notices of deposition upon potential witnesses. He also made a motion requesting 120 days for discovery before the case would be calendared for trial. Petitioner opposed this motion and additionally moved to quash the notices of deposition on the grounds that the Rules of Civil Procedure, G.S. § 1A-1, did not apply to the case. The trial court granted defendant's motion for a 120 day discovery period, ruling that the Rules of Civil Procedure apply to this action. Petitioner's motion was denied. Petitioner appealed.

*District Attorney Alan C. Leonard and Assistant District Attorney Jefferson C. McConnaughey, for petitioner.*

*T. Eugene Mitchell, J. Nat Hamrick, Sr., and George R. Morrow, for defendant.*

WELLS, Judge.

Before turning to the merits of this appeal, we first consider whether petitioner's appeal should be dismissed as interlocutory.

"Ordinarily, an appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment." (Citations omitted.) *Stanback v. Stanback,* 287 N.C. 448, 215 S.E. 2d 30 (1975). An appeal from a pretrial discovery order is clearly interlocutory and therefore must be dismissed unless it affects some substantial right of the public, on whose behalf the removal action is brought.

A review of cases from North Carolina reveals no consistent rule regarding interlocutory appeals of discovery orders. Comment, *Interlocutory Appeals in North Carolina: The Substantial Right Doctrine,* 18 Wake Forest L. Rev. 857 (1982). The reported cases tend to focus upon the importance of obtaining the requested information, rather than the delaying effect such an order might have upon conclusion of the litigation. *See, e.g., Tennessee-*

*Carolina Transportation, Inc. v. Strick Corporation,* 291 N.C. 618, 231 S.E. 2d 597 (1977) (appeal permissible from order barring defendant from taking deposition of out-of-state expert witness since denial would significantly damage defendant's case); *Dworsky v. The Travelers Insurance Company,* 49 N.C. App. 446, 271 S.E. 2d 522 (1980) (appeal impermissible from denial of plaintiff's motion to compel production of file since no showing of information vital to case).

In the case before us, the removal statute provides that the proceeding ". . . shall . . . take precedence over all other causes upon the court calendar, and shall be heard at the next session after the petition is filed. . . ." G.S. § 128-20. The clear purpose of the provision is to ensure that charges of misconduct will be resolved as quickly as possible, minimizing the risk of loss of public confidence in law enforcement. We hold, therefore, that the State has a substantial interest in speedy resolution of removal proceedings against law enforcement officers, and may appeal from any order which threatens to delay the trial significantly.

The question brought forward by petitioner is whether the provisions of G.S. § 1A-1, Rules of Civil Procedure, apply to actions brought pursuant to the provisions of G.S. §§ 128-16 through -20. We hold that the Rules of Civil Procedure do not apply to such actions and remand for further proceedings consistent with this opinion.

The statute under which petitioner seeks to remove respondent from office is as follows:

§ 128-16. *Officers subject to removal; for what offenses.*

Any sheriff or police officer shall be removed from office by the judge of the superior court, resident in or holding the courts of the district where said officer is resident upon charges made in writing, and hearing thereunder, for the following causes:

(1) For willful or habitual neglect or refusal to perform the duties of his office.

(2) For willful misconduct or maladministration in office.

(3) For corruption.

(4) For extortion.

(5) Upon conviction of a felony.

(6) For intoxication, or upon conviction of being intoxicated.

§ 128-17. *Petition for removal; county attorney to prosecute.*

The complaint or petition shall be entitled in the name of the State of North Carolina, and may be filed upon the relation of any five qualified electors of the county in which the person charged is an officer, upon the approval of the county attorney of such county, or the district attorney of the district, or by any such officer upon his own motion. It shall be the duty of the county attorney or district attorney to appear and prosecute this proceeding.

§ 128-18. *Petition filed with clerk; what it shall contain; answer.*

The accused shall be named as defendant, and the petition shall be signed by some elector, or by such officer. The petition shall state the charges against the accused, and may be amended, and shall be filed in the office of the clerk of the superior court of the county in which the person charged is an officer. The accused may at any time prior to the time fixed for hearing file in the office of the clerk of the superior court his answer, which shall be verified.

§ 128-19. *Suspension pending hearing; how vacancy filled.*

Upon the filing of the petition in the office of the clerk of the superior court, and the presentation of the same to the judge, the judge may suspend the accused from office if in his judgment sufficient cause appear from the petition and affidavit, or affidavits, which may be presented in support of the charges contained therein. In case of suspension, as herein provided, the temporary vacancy shall be filled in the manner provided by law for filling of the vacancies in such office.

§ 128-20. *Precedence on calendar; costs.*

In the trial of the cause in the superior court the cause shall be advanced and take precedence over all other causes upon the court calendar, and shall be heard at the next session after the petition is filed, provided the proceedings are filed in said court in time for said action to be heard. The superior court shall fix the time of hearing. If the final termination of such proceedings be favorable to any accused officer, said officer shall be allowed the reasonable and necessary expense, including a reasonable attorney fee, to be fixed by the judge, he has incurred in making his defense, by the county, if he be a county officer, or by the city or town in which he holds office, if he be a city officer. If the action is instituted upon the complaint of citizens as herein provided, and it appears to the court that there was no reasonable cause for filing the complaint, the costs may be taxed against the complaining parties.

Although our courts have previously viewed actions brought under the statute as being in the nature of civil actions, *see State v. Hockaday,* 265 N.C. 688, 144 S.E. 2d 867 (1965) and *State ex rel. Hyatt v. Hamme,* 180 N.C. 684, 104 S.E. 174 (1920), both the Rules of Civil Procedure and the Rules of Criminal Procedure, *see* Chapter 15A of the General Statutes, have been adopted since *Hamme* and *Hockaday* were decided. Since this action does not fall within either Chapter 1A-1 or Chapter 15A, we hold that such actions are neither civil nor criminal, but are merely an inquiry into the conduct of the officeholder to determine whether he is unfit to continue in office. *See In re Nowell,* 293 N.C. 235, 237 S.E. 2d 246 (1977). Notwithstanding, because of the severe adverse consequences possible for the officeholder under such an action, fundamental fairness entitles the officeholder to a hearing which meets the basic requirements of due process, *Nowell, supra,* requirements which must include adequate time and opportunity to prepare to respond to the accusations against him.

Although the statute requires a prompt trial, its terms are broad enough to allow the trial court to set the time of trial within his discretion, considering, among other things, the nature of the charges brought and the terms of court available for trial. Within the context of fundamental fairness in setting the time for

hearings in such actions, we cannot overlook the fact that in a metropolitan county such as Mecklenburg, where superior court is almost constantly in session, an accused officer would face a radically different hearing time problem than in a rural county such as Clay where normally there are only two sessions of superior court per year.

Because the order appealed from was expressly grounded on the misapprehension that the Rules of Civil Procedure apply and we have here held that they do not, the order is vacated. Upon remand the trial court, in setting the time for trial, may in its discretion allow a continuance and may allow defendant such discovery as the trial court deems necessary for a fair hearing.

Vacated and remanded.

Judges WEBB and WHICHARD concur.