STATE OF NORTH CAROLINA v. DAVID FELTS

No. 8523SC254

(Filed 4 February 1986)

**Public Officers § 12— removal of sheriff from office—authority to file action**

Neither the Attorney General nor his designate was given specific authority to file an action under N.C.G.S. 128-16 *et seq.* for the removal from office of a sheriff or police officer, that authority being given to the district attorney or county attorney pursuant to N.C.G.S. 128-17.

APPEAL by defendant from *Sitton, Judge.* Orders entered 12 October 1984, in Superior Court, WILKES County. Heard in the Court of Appeals 25 September 1985.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Charles H. Hobgood for the State.*

*McElwee, McElwee, Cannon & Warden by William H. McElwee III and William C. Warden, Jr., for defendant appellant.*

COZORT, Judge.

This appeal presents an issue of first impression for our consideration: Whether the Attorney General or his designate in the Special Prosecution Division may file a petition pursuant to G.S. 128-16, *et seq.,* for the removal from office of a sheriff or police officer? Holding that under G.S. 128-16, *et seq.,* the Attorney General or his designate in the Special Prosecution Division has no such independent authority, we vacate the order removing defendant from office as the Chief of Police of North Wilkesboro and remand for dismissal of the Petition.

A Petition to remove North Wilkesboro Police Chief David Felts was filed on 27 July 1984 by Charles H. Hobgood, Assistant Attorney General under then Attorney General Rufus L. Edmisten, reflecting the State of North Carolina as the petitioner and Chief Felts as the defendant. The Petition was signed by Hobgood as "Special Prosecutor."

The Petition recites that it is being brought "pursuant to Article 2 Chapter 128 of the General Statutes of North Carolina" to remove defendant from the office of Chief of Police of North Wilkesboro. The Petition further states:

> 2. That the Honorable Michael A. Ashburn, District Attorney for the Twenty-Third Judicial District, delegated authority to the Special Prosecution Division of the Department of Justice pursuant to G.S. 114-11.6 to file and prosecute this proceeding and to act on his behalf as indicated by the attached letter.

> 3. That the Special Prosecutor files this petition upon his own motion pursuant to G.S. 128-17 and as authorized by Michael A. Ashburn, District Attorney.

4. That the defendant, David Felts, is and at all times alleged herein was the Chief of Police of the City of North Wilkesboro, North Carolina, having taken office on or about January 2, 1979.

5. That the defendant should be removed from office pursuant to G.S. 128-16(1) and (2) for the following causes: (1) for wilful and habitual neglect and refusal to perform the duties of his office; and (2) for wilful misconduct and maladministration in office.

By letter dated 20 June 1984, District Attorney Michael A. Ashburn purported to delegate to the Attorney General's office "any authorization that may be required to initiate any criminal or civil action, including the filing of a petition and proceedings thereunder pursuant to Article 2 of Chapter 128, as you may deem necessary and appropriate under the circumstances, concerning the above referenced matter [the voiding of traffic tickets by the North Wilkesboro Police Department]."

An answer and motions were filed on defendant's behalf on 8 October 1984. One motion requested that the Petition be dismissed because the person filing and prosecuting the Petition had no authority to do so. The motion was denied.

At the conclusion of a hearing commenced 8 October 1984 Judge Sitton entered and filed two orders on 12 October 1984. The first order is entitled "Findings of Fact, Conclusions of Law Order" and the second document is entitled "Order." Judge Sitton concluded that defendant, referred to as "respondent" in the order, had committed "willful misconduct and maladministration in office . . . in violation of G.S. 128-16.2 [sic]," and that such conduct renders defendant "unfit to continue to serve and hold the office as Chief of Police for the Town of North Wilkesboro." Judge Sitton ordered defendant removed from office and that defendant "is hereby disqualified from holding any law enforcement office in Wilkes County for three years." Finally, defendant was suspended from office pending the outcome of this appeal.

On appeal defendant argues that the trial court erred "in finding as a fact that Michael A. Ashburn, District Attorney for the Twenty-Third Judicial District, had the authority to delegate the prosecution of this action to the Special Prosecution Division

of the Department of Justice pursuant to G.S. 114-11.6 and G.S. 128-17" and that the court erred "in denying the respondent's motion to dismiss of October 8, 1984, based upon improper delegation of authority."

G.S. 128-16 provides, in pertinent part, that

> [a]ny sheriff or police officer shall be removed from office by the judge of the superior court, resident in or holding the courts of the district where said officer is resident upon charges made in writing, and hearing thereunder, for the following causes:
>
> (1) For willful or habitual neglect or refusal to perform the duties of his office.
>
> (2) For willful misconduct or maladministration in office.

Such charges under G.S. 128-16 shall be made by complaint or petition and such "complaint or petition shall be entitled in the name of the State of North Carolina . . . ." G.S. 128-17. By its express terms, G.S. 128-17 specifies who may file a complaint or petition for removal:

> The complaint or petition . . . may be filed upon the relation of any five qualified electors of the county in which the person charged is an officer, upon the approval of the county attorney of such county, or the district attorney of the district, or by any such officer upon his own motion.

G.S. 128-17 also specifies who has the duty to prosecute the complaint or petition: "It shall be the duty of the county attorney or district attorney to appear and prosecute this proceeding." G.S. 128-18 specifies that "[t]he accused shall be named as defendant, and the petition shall be signed by some elector, or by such officer."

G.S. 128-17 does not give the Attorney General or his designate the authority to file this action, and the statute cannot be construed to give the Attorney General such authority. In construing a statute, its "words are to be given their plain and ordinary meaning unless the context, or the history of the statute, requires otherwise." *State v. Wiggins*, 272 N.C. 147, 153, 158 S.E. 2d 37, 42 (1967), *cert. denied*, 390 U.S. 1028, 20 L.Ed. 2d 285, 88 S.Ct. 1418 (1968). When a statute's language is clear and unam-

biguous, it must be given effect, and its clear meaning may not be evaded by the courts under the guise of construction. *State ex rel. Utilities Commission v. Edmisten*, 291 N.C. 451, 465, 232 S.E. 2d 184, 192 (1977).

The clear language of G.S. 128-17 specifies that only three classes of persons may file the petition for removal: (1) five qualified electors upon the approval of the county attorney or district attorney; (2) the county attorney; or (3) the district attorney. There is no provision in Article 2, Chapter 128, of the General Statutes authorizing the district attorney or the county attorney to delegate to the Attorney General his duty to file the petition. Unless the Attorney General's authority to file a petition pursuant to G.S. 128-16, *et seq.*, arises elsewhere, we must conclude that the Attorney General has no authority to file a proceeding pursuant to G.S. 128-16, *et seq.*

The Attorney General argues that G.S. 114-11.6 and G.S. 114-2(1) authorize his office to file an action pursuant to G.S. 128-16, *et seq.* We cannot agree.

G.S. 114-11.6 provides:

> There is hereby established in the office of the Attorney General of North Carolina, a Special Prosecution Division. The attorneys assigned to this Division shall be available to prosecute or assist in the prosecution of *criminal* cases when requested to do so by a district attorney and the Attorney General approves. In addition, these attorneys assigned to this Division shall serve as legal advisors to the State Bureau of Investigation and the Police Information Network and perform any other duties assigned to them by the Attorney General. [Emphasis added.]

By its terms, G.S. 114-11.6 allows special prosecutors to prosecute or assist district attorneys in the prosecution of *criminal* cases only. A proceeding brought under G.S. 128-16, *et seq.*, is neither a criminal proceeding nor is it a civil proceeding. *State ex rel. Leonard v. Huskey*, 65 N.C. App. 550, 309 S.E. 2d 726 (1983). As we noted in *State ex rel. Leonard v. Huskey*:

> Although our courts have previously viewed actions brought under the statute as being in the nature of civil actions, *see State v. Hockaday*, 265 N.C. 688, 144 S.E. 2d 867

> (1965) and *State ex rel. Hyatt v. Hamme*, 180 N.C. 684, 104 S.E. 174 (1920), both the Rules of Civil Procedure and the Rules of Criminal Procedure, *see* Chapter 15A of the General Statutes, have been adopted since *Hamme* and *Hockaday* were decided. Since this action does not fall within either Chapter 1A-1 or Chapter 15A, we hold that such actions are neither civil nor criminal, but are merely an inquiry into the conduct of the officeholder to determine whether he is unfit to continue in office. *See In re Nowell*, 293 N.C. 235, 237 S.E. 2d 246 (1977).

65 N.C. App. at 554, 309 S.E. 2d at 728-29. Also, that portion of G.S. 114-11.6 which authorizes attorneys in the Special Prosecution Division to "perform any other duties assigned to them by the Attorney General" merely authorizes the Attorney General to delegate those duties which he is elsewhere authorized to perform. It creates no independent authority in its own right. In sum, G.S. 114-11.6 does not authorize the Attorney General or his designate to file an action pursuant to G.S. 128-16, *et seq.*

Nor are we persuaded that G.S. 114-2(1) authorizes the Attorney General or his designate to file an action under G.S. 128-16, *et seq.* G.S. 114-2(1) provides:

> It shall be the duty of the Attorney General: (1) To defend all actions in the appellate division in which the State shall be interested, or a party, <u>and to appear for the State in any other court or tribunal in any cause or matter, civil or criminal, in which the State may be a party or interested.</u> [Emphasis added.]

The Attorney General argues that the underlined portion of this provision gives, "the Attorney General and his assistants . . . the authority to appear for the State in any cause, civil or criminal, in which the State may be a party or interested." Furthermore, the Attorney General argues that "[a]n action to remove an unfit law enforcement officer is a cause in which the State is a party and is interested."

While we do not quarrel with the Attorney General's arguments, we note initially that a proceeding under G.S. 128-16, *et seq.*, is neither a civil nor criminal action. *State ex rel. Leonard v. Huskey, supra.* Even if we assume the words "any cause or mat-

ter" in G.S. 114-2(1) are to be construed to include actions other than civil or criminal actions, we are not persuaded that G.S. 114-2(1) contemplates the Attorney General's initiating an action under Article 2 of Chapter 128, where language therein has specifically set out who may file a petition for removal of a sheriff or police officer from office. Had the Legislature intended to give to the Attorney General, in addition to five electors, the county attorney and the district attorney, the authority to bring an action under Article 2, Chapter 128, it could have done so as it has in other statutes. For instance, in certain cases involving charitable trusts, G.S. 36A-48 provides that

> *it shall be the duty of the Attorney General or such district attorney* [who represents the State in the Superior Court for that county] upon notice from the clerk or upon his own motion *to bring an action* in the name of the State against the grantees, executors, or trustees of the charitable fund, calling on them to render a full and minute accounting of their proceedings in relation to the administration of the fund and the execution of the trust. [Emphasis added.]

Similarly, G.S. 19-2.1 provides that "[w]herever a nuisance is kept, maintained, or exists, as defined in this Article, *the Attorney General, district attorney,* or any private citizen of the county *may maintain a civil action* in the name of the State of North Carolina to abate a nuisance under this Chapter . . . ." [Emphasis added.] *See Dare County v. Mater,* 235 N.C. 179, 69 S.E. 2d 244 (1952) (holds this section designates with particularity who may become relators and prosecute the cause in the State's name). Regarding G.S. Chapter 75 on Monopolies, Trusts and Consumer Protection, G.S. 75-15 provides:

> *It shall be the duty of the Attorney General,* upon his ascertaining that the laws have been violated by any trust or public service corporation, so as to render it liable to prosecution in a civil action, *to prosecute such action* in the name of the State, or any officer or department thereof, as provided by law, or *in the name of the State on relation of the Attorney General,* and to prosecute all officers or agents or employees of such corporations, *whenever in his opinion the interests of the public require it.* [Emphasis added.]

Under G.S. 58-9(5) the Attorney General has the duty to prosecute violations of insurance laws for the insurance commissioner, and under G.S. 106-266.14 the Attorney General has the duty to prosecute violations of milk production and distribution laws. While writs of *quo warranto* have been abolished, the Attorney General is authorized to bring an action in the nature of *quo warranto* to decide conflicting claims to an office. G.S. 1-515.

Equally persuasive is the language of G.S. 114-2(4), providing that "[i]t shall be the duty of the Attorney General: * * * To consult with and advise the prosecutors, when requested by them, in all matters pertaining to the duties of their office." As one Attorney General has noted in the context of criminal cases: "This provision, as well as the express constitutional duty of the district attorneys or solicitors to prosecute criminal cases at the trial level, has been significantly relied on by the Supreme Court in rejecting the authority of the Attorney General to initiate criminal prosecutions in the absence of an express statutory provision authorizing him to do so in the enforcement of a particular statute." Edmisten, *The Common Law Powers of the Attorney General of North Carolina*, 9 N.C. Cent. L. J. 1, 32-33 (1977). *See NAACP v. Eure*, 245 N.C. 331, 95 S.E. 2d 893 (1957); *State v. Loesch*, 237 N.C. 611, 75 S.E. 2d )54 (1953). The duty to "consult with and advise the prosecutors, when requested by them, in all matters pertaining to the duties of their office" gives the Attorney General the authority to advise the prosecutors, not to completely replace them, or act instead of them, unless there is an express statutory provision authorizing the Attorney General to initiate a particular action. *See, e.g.,* G.S. 36A-48; G.S. 19-2.1; G.S. 75-15.

In sum, the Attorney General or his designate is given no specific authority to file an action under G.S. 128-16, *et seq.,* in place of the district attorney or the county attorney. Absent this statutory authorization, the Attorney General is limited to consulting with and advising the district attorney in carrying out his statutory duty to initiate a petition for removal from office of a sheriff or police officer.

In holding that the Attorney General or his designate is without authority to initiate an action pursuant to G.S. 128-16, *et seq.,* we express no opinion on whether the Attorney General

could have brought a similar action under his common law powers. This action was expressly brought pursuant to Article 2, Chapter 128, and not pursuant to the Attorney General's common law powers.

Since the Attorney General was without authority to file the petition, the trial court lacked jurisdiction to hear the matter, and its orders of removal must be vacated. The cause is remanded for entry of judgment of dismissal.

In light of the above, we need not address appellant's second assignment of error as to whether the trial court had the authority to disqualify defendant from holding any law enforcement office in Wilkes County for a period of three years.

Vacated and remanded.

Judges WHICHARD and EAGLES concur.