JOHN JONES, PLAINTIFF-APPELLEE v. SOUTHERN GENERAL INSURANCE COMPANY, DEFENDANT-APPELLANT

No. COA12-44

(Filed 21 August 2012)

**Civil Procedure—Rule 59—new trial—ten-day limit**

The trial court erred by ordering a new trial 24 days after judgment was entered. N.C.G.S. § 1A-1, Rule 59(d) is clear and unambiguous, and has a time limit of ten days.

Appeal by Defendant from order entered 17 June 2011 by Judge Abraham Penn Jones in Superior Court, Wake County. Heard in the Court of Appeals 8 May 2012.

*Messick Law Firm, by Melissa A. Bowers and William C. Messick, for Plaintiff-Appellee.*

*Baucom, Claytor, Benton, Morgan & Wood, P.A., by James F. Wood, III, for Defendant-Appellant.*

McGEE, Judge.

John Jones (Plaintiff) filed a complaint against Southern General Insurance Company (Defendant) for an alleged breach of contract following Defendant's denial of Plaintiff's insurance claim for the alleged theft of Plaintiff's vehicle. Defendant filed a motion for summary judgment on 14 January 2010 and the trial court denied Defendant's motion by order entered 22 March 2010. The case was tried before a jury on 9 May 2011 and the jury returned a verdict in .

favor of Defendant. Thereafter, on 17 June 2011, the trial court entered an order granting Plaintiff a new trial *sua sponte*. Defendant appeals.

## I. Factual Background

Defendant issued Plaintiff an automobile liability insurance policy (the policy) for Plaintiff's 1999 Ford Expedition. Plaintiff thereafter reported a claim for the alleged theft of his insured vehicle on 14 July 2005. Following an investigation into Plaintiff's claim, Defendant sent Plaintiff a letter on 22 May 2006 denying Plaintiff's claim. In its letter, Defendant contended that Plaintiff had violated provisions of the policy by making "fraudulent statements" and "[engaging] in fraudulent conduct in connection with [the] accident or loss for which coverage is sought under [the] policy[.]"

Following denial of his claim, Plaintiff filed this action against Defendant for breach of contract. At trial, the jury found in favor of Defendant and the trial court entered judgment on 24 May 2011. The trial court entered an order granting a new trial on 17 June 2011, twenty-four days after judgment had been entered.

## II. Issues on Appeal

Defendant raises on appeal the issues of whether: (1) the trial court timely filed its order granting a new trial under N.C. Gen. Stat. § 1A-1, Rule 59(d); (2) the trial court erred in "setting aside the verdict and ordering a new trial[;]" (3) the trial court erred by denying Defendant's "motion for summary judgment and . . . motion for directed verdict[;]" and (4) the court "erred in refusing to deem all requests for admissions admitted by operation of law[.]"

## III. Order Granting a New Trial

Defendant contends that the trial court failed to order a new trial within the ten day time limit allowed by N.C. Gen. Stat. § 1A-1, Rule 59(d). Rule 59(d) states:

> Not later than 10 days after entry of judgment the court of its own initiative, on notice to the parties and hearing, may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor.

N.C. Gen. Stat. § 1A-1, Rule 59(d) (2011). In the present case, judgment was entered on 24 May 2011. The trial court did not enter an order granting a new trial until 17 June 2011, twenty-four days after judgment was entered. The trial court's order for a new trial occurred

outside the permissible time limit described in Rule 59(d) and, therefore, was not properly entered.

Plaintiff contends in his brief that "[a] trial judge does not violate the North Carolina Rules of Civil Procedure in ordering a new trial more than ten days after entry of judgment when it acts upon its own initiative by issuing a Notice and Order within ten days as required by Rule 59(d)[,]" and cites *Chiltoski v. Drum*, 121 N.C. App. 161, 464 S.E.2d 701 (1995), in support thereof. In *Chiltoski*, however, this Court considered whether an order for a new trial must contain "findings [or] explication reflecting the grounds for the court's action." *Chiltoski*, 121 N.C. App. at 163, 464 S.E.2d at 702. This Court did not consider whether the trial court may order a new trial outside the ten day time limit stated in Rule 59(d). *Id.*

This Court has held that "[w]hen a statute's language is clear and unambiguous, it must be given effect, and its clear meaning may not be evaded by the courts under the guise of construction." *State v. Felts*, 79 N.C. App. 205, 208-09, 339 S.E.2d 99, 101 (1986). We find no ambiguity in the language of Rule 59(d). Under N.C.G.S. § 1A-1, Rule 59(d), the trial court may order a new trial on its own initiative "[n]ot later than 10 days after entry of judgment[.]" N.C.G.S. § 1A-1, Rule 59(d).

While this Court normally reviews a trial court's order for a new trial only for abuse of discretion, "when the trial court grants or denies a new trial 'due to some error of law,' then its decision is fully reviewable." *Chiltoski*, 121 N.C. App. at 164, 464 S.E.2d at 703 (quoting *Garrison v. Garrison*, 87 N.C. App. 591, 594, 361 S.E.2d 921, 923 (1987)). Because the trial court entered an order for a new trial outside the permitted time limit set forth in N.C. Gen. Stat. § 1A-1, Rule 59 (d), this Court reviews that order *de novo*. The trial court's order for a new trial was not permissible under N.C.G.S. § 1A-1, Rule 59(d) and is, therefore, reversed.

It should be noted that Rule 59(d) in the Federal Rules of Civil Procedure allows a trial court to order a new trial on its own motion up to twenty-eight days after judgment. *See* Fed. R. Civ. Pro. 59(d). This rule was amended in 2009 to allow a twenty-eight day period after federal courts had held that the rule required a trial court to order a new trial, not merely act toward ordering a new trial, within ten days following judgment. *See* Fed. R. Civ. Pro. Adv. Comm. N., 59(d) (2009); *Tarlton v. Exxon*, 688 F.2d 973, 978 (5th Cir. 1982) ("The language of Rule 59(d) is explicit: the trial court may order a new trial for any reason it might have found sufficient on motion of a party, not

later than 10 days after entry of judgment. In the case at bar, the district court's order of June 3 was obviously filed more than 10 days after the March 27 judgment." (internal quotations omitted)). The North Carolina Rules of Civil Procedure have not been so amended. We recognize the inherent difficulty in completing the procedural requirements for filing an order for a new trial in a matter of only ten days following entry of judgment. However, the opportunity for changing Rule 59(d) to allow a more reasonable time for a trial court to order a new trial *sua sponte* lies with the North Carolina General Assembly. We must give effect to the present "clear and unambiguous" language of Rule 59(d). *See Felts*, 79 N.C. App. at 208-09, 339 S.E.2d at 101.

Having determined that the trial court's order of a new trial was untimely, this Court need not address Defendant's arguments concerning the trial court's reasons for ordering a new trial. Furthermore, as Defendant is no longer an aggrieved party upon reversal of the trial court's order for a new trial, we need not consider whether the trial court erred by denying Defendant's motions for summary judgment and directed verdict, or by "refusing to deem all requests for admissions admitted by operation of law." We therefore reverse the trial court's order for a new trial and remand the case for entry of judgment upon the verdict rendered by the jury. *See Chiltoski*, 121 N.C App. at 165, 464 S.E.2d at 704.

Reversed and remanded.

Judges STEPHENS and HUNTER, Jr. concur.