STATE OF NORTH CAROLINA, on RELATION OF ROBERT S. SWAIN, SOLICITOR OF THE NINETEENTH SOLICITORIAL DISTRICT v. WILLIAM E. CREASMAN, JUSTICE OF THE PEACE FOR ASHEVILLE TOWNSHIP.

(Filed 1 November, 1961.)

1. Courts § 17; Public Officers § 12—
    Chapter 275 of the Public Local Laws of 1931 does not require justices of the peace in Asheville Township to pay fees or make any report of the fees paid for service of process to any official of Buncombe County, and therefore failure of the County to receive such fees cannot be charged to a justice of the peace of the Township.

2. Same—
    The failure of a justice of the peace to collect fees for the service of civil process upon the issuance of the process at the instance of certain business firms, and his action in waiting until the end of the month to collect such fees, is insufficient to support a finding of malfeasance or bad faith on the part of such justice of the peace which would justify his removal from office, any monetary loss from such practice being recoverable by action against such justice of the peace personally and on his official bond. G.S. 7-115.

3. Same—
    Although Section 3, Chapter 275, Public Local Laws of 1931, requires all civil process issuing out of the office of a justice of a peace for Asheville Township to be delivered to and served by the constable for such township or his agent, where, during a period of years, the constable is not available for the service of such process, and a justice of the peace, by arrangement with the Sheriff and Commissioners of the County, delivers process to a deputy sheriff appointed for the purpose of serving such process, his act in so doing under such circumstances cannot be held malfeasance warranting his removal from office.

APPEAL by respondent from *McLean, J.*, at Chambers, on 28 January 1961, at Asheville, BUNCOMBE County, North Carolina.

This is a proceeding to remove the respondent from the office of Justice of the Peace for Asheville Township.

Under date of 15 December 1960, the Solicitor of the Nineteenth Solicitorial District informed the respondent by letter that he was required by Chapter 275, Section 3, of the 1931 Public-Local Laws of North Carolina, to deliver to the Constable for Asheville Township all civil process issuing from his office. The letter further informed the respondent that "(y)ou are not at liberty to select your process agent under the law."

The respondent expressed the view that he did not believe he was required to deliver process from his office to the Constable, and expressed a desire to have the law tested. Thereafter, on 16 January 1961, the Solicitor filed a petition for his removal from office.

It is alleged in the petition that respondent and James E. Dayton, Jr., conspired to cheat and defraud Buncombe County out of fees collected for service of process from May 1960 until the present time.

The petition likewise alleged that the respondent was guilty of violating the law by issuing process for certain business firms and not collecting the required fees until the end of the month.

The respondent in his answer denied the material allegations of the petition and as a further answer and defense alleged, in pertinent part, as follows: (1) That for six years or more preceding December 1960, the incumbent Constable for Asheville Township was able to serve few, if any, processes issuing from the courts of Justices of the Peace; (2) that as a result of this difficulty, the defendant "conferred with officials of Buncombe County, to wit, County Attorney, County Treasurer and Auditor and the Sheriff of Buncombe County, with regard to the method of securing service of process issued by him; and that as a result of this conference this defendant was authorized and directed to deliver all civil processes issued by him to James E. Dayton, Jr., for service, and was further instructed to deliver the fees collected for such service to James E. Dayton, Jr., and that no report or accounting for these moneys should be made to the County Auditor and Treasurer for Buncombe County."

It is alleged in the petition that the Solicitor is acting under the provisions of Chapter 128, Sections 16 and 17, of the General Statutes of North Carolina. However, when the matter came on for hearing, the court stated that it was not proceeding under those statutes but would proceed under G.S. 7-115.

The respondent was appointed a Justice of the Peace for Asheville

Township, Buncombe County, North Carolina, by the Resident Judge of the Twenty-eighth Judicial District.

The evidence tends to show that the respondent did not direct any process to the former Constable, Alex P. Digges, or to Herman T. De-Weese, who qualified as Constable for Asheville Township on 5 December, 1960.

The evidence of the petitioner and the respondent was to the effect that fees for serving process were paid directly to James E. Dayton, Jr., and not to the Treasurer and Auditor of Buncombe County.

The court below on the facts found, concluded as a matter of law as follows:

"1. That the delivery of civil process issued from the office of the respondent William E. Creasman, as Justice of the Peace for Asheville Township, to James E. Dayton, Jr., was unlawful.

"2. That the respondent's failure to deliver all civil process issued from his office as Justice of the Peace for Asheville Township to the Constable of Asheville Township for service was unlawful.

"3. That the payment of fees for service of civil process to James E. Dayton, Jr., as Special Deputy Sheriff by the respondent William E. Creasman, Justice of the Peace of Asheville Township, was unlawful misapplication of public funds.

"4. That the failure of William E. Creasman to pay fees for service of civil process by a Deputy Sheriff of Buncombe County issued from his office as Justice of the Peace for Asheville Township to the Treasurer of Buncombe County was unlawful misapplication of public funds.

"5. That the issuance of civil process by William E. Creasman, Justice of the Peace of Asheville Township, without first receiving the fees therefor was in violation of the law.

"6. That the violations of the law above set forth, and each of them, amount to maladministration, nonfeasance, misfeasance by the respondent William E. Creasman, in the office of Justice of the Peace for Asheville Township, Buncombe County, North Carolina, and constitute good cause for the removal of said respondent from the office of Justice of the Peace of Asheville Township, Buncombe County, North Carolina."

Thereupon, the court entered judgment removing the respondent from the office of Justice of the Peace of Asheville Township, Buncombe County, North Carolina. The respondent appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General Moody for the State.*

*I. C. Crawford and W. M. Styles for respondent.*

DENNY, J.   Any justice of the peace appointed by the resident judge of a judicial district, after due notice and hearing, may be "removed from office by the resident judge of the superior court of the district in which the county is situated, for misfeasance, malfeasance, nonfeasance or other good cause." G.S. 7-115.

The evidence and findings of fact by the court below warrant the conclusion that before the respondent was originally appointed a Justice of the Peace for Asheville Township in Buncombe County, North Carolina, in August 1956, Alex P. Digges was the duly elected, qualified and acting Constable for Asheville Township and that he continued to hold such office until 5 December 1960.

The court found as a fact that during the time Alex P. Digges was Constable for Asheville Township, he received a salary from the County of Buncombe each month and that all fees paid for the service of civil process issuing from the several offices of the Justices of the Peace for Asheville Township became the lawful property of Buncombe County; that it was the duty of said Constable to turn said fees over to the Treasurer and Accountant of Buncombe County each month, together with his report of the fees collected.

The court further found that the respondent on or about 25 January 1960, commenced giving all civil process issuing from his office of Justice of the Peace to James E. Dayton, Jr., for service, and paid said Dayton the lawful fees for service of same; that Dayton kept the fees for service of such process for his own personal use and did not pay the same into the Treasury of Buncombe County.

Even so, it is well to note that there is nothing in Chapter 275 of the 1931 Public-Local Laws of North Carolina, or in the amendments thereto, requiring this respondent to pay such fees to Buncombe County or to make any report of the fees paid for service of process to the Treasurer of Buncombe County or to anyone else. Therefore, any failure, if there was any such failure in law, to turn over to the Treasurer of Buncombe County the fees earned by serving process issued by Justices of the Peace in Asheville Township, such failure is not chargeable under the law to the Justice of the Peace who issued such process.

It is true that Section 3, Chapter 275, of the 1931 Public-Local Laws of North Carolina, during the period of time under consideration, required that all civil process issuing out of the office of Justices of the Peace for Asheville Township be delivered to and served by the Constable for Asheville Township or his agent. It is equally true, according to the evidence adduced in the hearing below, that for several years prior to the election and qualification of Herman T. DeWeese as Constable for Asheville Township on 5 December 1960, his predecessor

in office, Alex P. Digges, had not been available for the service of such process. The fact that the voters of Asheville Township failed to elect a Constable who was ready, able and willing to discharge the duties of that office, cannot be charged to this respondent to any greater extent than to any other citizen and voter of the township.

The record, we think, discloses that a well-nigh intolerable situation existed. However, the question to be determined on this record is not whether Buncombe County has lost money by reason of the use of Special Deputies to serve the processes issued from the office of the Justices of the Peace in Asheville Township, but the question is simply this: Has this respondent acted wrongfully or in bad faith in doing what he has done in light of the existing situation?

The respondent testified that he discussed the situation with several County officials and that Wayne Roberts was appointed as a Special Deputy Sheriff for the purpose of serving such process. That thereafter he directed his process to Roberts for service and paid to him the fees for such service; that Roberts had turned over all his checks for such service to the County Treasurer and had received the Treasurer's check each month for an amount equal to the total fees for serving process. Roberts resigned and James E. Dayton, Jr., was appointed to succeed him on 25 January 1960.

According to the affidavit of Roy A. Taylor, admitted in evidence in the hearing below, he had been County Attorney for Buncombe County for ten years prior to 25 June 1960; that in consultation with Sheriff Brown and the Commissioners of Buncombe County, he advised the County Commissioners that they had authority to appoint an additional Deputy Sheriff and to set his salary pursuant to the provisions of the Home Rule Bill, but that fees for service must under the law be paid to the County Accountant. It was agreed that Wayne Roberts be named a Special Deputy to serve process issued by the Justices of the Peace in Asheville Township and that all fees for such service be paid promptly into the office of the County Accountant and that the monthly check to Mr. Roberts at the end of each month should be in an amount equal to the total service fees paid him as set out above. Mr. Taylor did not recall having any negotiations with respect to the appointment of Mr. Dayton.

Laurence E. Brown, Sheriff of Buncombe County, testified that he knew the respondent and that his character is good. That he did not have sufficient regular deputies to serve process issued by the Justices of the Peace; that he knew of the appointment of James E. Dayton, Jr., to serve such process; that Dayton had performed his duties efficiently.

Other witnesses whose character and integrity were not questioned,

testified that before the appointment of a Special Deputy Sheriff to serve process issued by Justices of the Peace, "it had been almost impossible to secure service of process, but since his (Dayton's) appointment service had been prompt and diligent."

Gordon Ramsey testified that he had been for several years desk officer for the Sheriff of Buncombe County, having the responsibility of receiving legal process directed to the Sheriff for service. That for more than two years prior to 25 January 1960 he had received numerous requests to serve process directed to the Constable of Asheville Township. That during said period he knew of his own knowledge that the incumbent Constable, Alex P. Digges, was not available to serve such process. That he knew of the appointment of James E. Dayton, Jr., as Special Deputy Sheriff to serve process issued by Justices of the Peace in Asheville Township, and that since his appointment all such process had been promptly served.

The respondent further testified that when Mr. Dayton was appointed a Special Deputy Sheriff that he and Dayton went to the office of the County Treasurer and talked with the Treasurer, James C. Garrison; that they were told by the Treasurer that the fees were to be paid directly to Dayton and that it would not be necessary to make any report thereof. That thereafter he directed all process from his office to Dayton and paid him all the fees for serving such process. Dayton likewise testified that the Treasurer of Buncombe County told the respondent to pay him (Dayton) his fees and that it would not be necessary to make any report of such fees.

The Treasurer denied making such an arrangement. He also denied any knowledge of the appointment of Dayton and testified that he had absolutely nothing to do with his appointment. However, when confronted with Defendant's Exhibit #5, in the form of an affidavit sworn to before a Deputy Clerk of the Superior Court of Buncombe County on 25 January 1960 by James C. Garrison and others, recommending the appointment of James E. Dayton, Jr., as Special Deputy Sheriff for Asheville Township for the express purpose of "serving Constable's papers only," he admitted he signed the recommendation, and then testified that he signed many petitions without informing himself as to their contents.

The evidence further discloses that James E. Dayton, Jr., took the oath of office as a Special Deputy Sheriff of Buncombe County on 25 January 1960 before a Deputy Clerk of the Superior Court of Buncombe County; that he gave bond for the faithful performance of his duties and that the premium for said bond was paid by Buncombe County.

With respect to the conclusion of the court below that it was a

violation of the law for the respondent to issue process for certain business firms and not collect the fees therefor until the end of the month, there is no evidence tending to show that Buncombe County or anyone else has lost any money as a result of such practice. If such practice should result in a monetary loss to Buncombe County, it may proceed against the offending Justice of the Peace personally and on his official bond. However, such practice is not sufficient to support a finding of malfeasance or bad faith on the part of the respondent which would justify his removal from office. *S. v. Meek,* 148 Iowa 671, 127 N.W. 1023; *S. v. Hoglan,* 64 Ohio St. 532, 60 N.E. 627.

It is quite clear that, if it was unlawful for the respondent to use Dayton as a process server and to pay him fees for such service after May 1960, it was likewise unlawful for him to use him and pay him fees from 25 January 1960, the date of his appointment, until May 1960; and if it was unlawful for process to be delivered to Dayton for service as a Special Deputy Sheriff, it was likewise unlawful for process to be delivered to Wayne Roberts as a Special Deputy Sheriff prior thereto.

If the services of a Special Deputy Sheriff were no longer necessary when Herman T. DeWeese qualified as Constable for Asheville Township on 5 December 1960, then the procedure that should have been followed was to inform the Sheriff of Buncombe County and the Board of Commissioners of said County that DeWeese had qualified as Constable and was ready, able and willing to perform the duties of his office (if indeed he was), and that a Special Deputy Sheriff to serve process issued by Justices of the Peace in Asheville Township, in lieu of a Constable, was no longer necessary and to request that his appointment be terminated.

It appears, however, from the testimony of Herman T. DeWeese that while he had qualified as Constable of Asheville Township, he made little use of the office in the courthouse set aside for the Constable of Asheville Township. He testified that he had spent most of his time in the office of the Western Carolina Bonding Company. A careful consideration of his testimony leads to the conclusion that up to the time of the hearing below he had made no effort whatever to assume and discharge the duties of his office as Constable. In fact, he testified that he had not requested that any process be directed to him for service. "That he carried a badge, but did not wear it where everybody could see it."

In our opinion, to hold that the arrangement entered into by the Sheriff of Buncombe County and the Commissioners of said County, pursuant to the advice of the County Attorney, in an effort to solve the urgent problem with respect to service of civil process issuing from

the office of Justices of the Peace in Asheville Township, was illegal and warrants the removal of the respondent from office on the ground that his conduct in using the Special Deputies appointed pursuant to the agreement entered into by the above officials amounts to maladministration, nonfeasance and misfeasance in office, would constitute a gross miscarriage of justice. *S. v. Meek, supra.*

We call attention to the fact that Chapter 393 of the 1959 Session Laws of North Carolina placed the Constable of Asheville Township on a fee basis beginning on the first Monday in December 1960, and that Chapter 275 of the 1931 Public-Local Laws of North Carolina was repealed by Chapter 1057 of the 1961 Session Laws of North Carolina.

The judgment of the court below is

Reversed.