STATE OF NORTH CAROLINA, ON RELATION OF ROBERT S. SWAIN, SOLICITOR OF THE 19TH SOLICITORIAL DISTRICT v. WILLIAM E. CREASMAN, JUSTICE OF THE PEACE FOR ASHEVILLE TOWNSHIP.

(Filed 18 September 1963.)

1. **Appeal and Error § 35;　Evidence § 1—**
　　The Supreme Court will take judicial notice of its own records.

2. **Courts § 17;　Public Officers § 12—**
　　Where a petition for the removal from office of a justice of the peace is heard by the resident judge who appointed him, and the judgment of the court recites that the petition came on to be heard under the provisions of G.S. 7-115, and it appears that the judge promptly heard the proceeding in chambers after notice to the justice of the peace, instead of fixing the hearing at the next term after the petition was filed, it *is held* that the proceeding was under G.S. 7-115 and not under G.S. 128-16 through G.S. 128-20.

3. **Same—**
　　A justice of the peace is not entitled to recover his costs and attorney's fees upon final judgment in his favor in a proceeding under G.S. 7-115 to remove him from office, since G.S. 7-115, unlike G.S. 128-20, makes no provision for such recovery.

4. **Same;　Statutes § 5—**
　　G.S. 7-115, relating to the removal of a justice of the peace by the resident judge appointing him, is restricted in its scope and provides a procedure different from that specified in G.S. 128-16 through G.S. 128-20, and the two statutes are not in *pari materia*, and the provisions of G.S. 128-20, relating to the recovery of costs and attorney's fees is not applicable to a proceeding under G.S. 7-115.

APPEAL by respondent from *Martin, S.J.,* 11 February 1963 Session of BUNCOMBE.

Motion in the cause filed 27 November 1961 for the allowance of reasonable and necessary expense, including a reasonable attorney fee, pursuant to the provisions of G.S. 128-20. There was a final termination of the proceeding in which this motion was filed by a decision of this Court on appeal favorable to respondent, which is reported in 255 N.C. 546, 122 S.E. 2d 358.

From an order denying the motion, respondent appeals.

*W.. M. Styles for respondent appellant.*
*Tom S. Garrison, Jr., for plaintiff appellee.*

PARKER, J.   On 16 January 1961 Robert S. Swain, solicitor of the 19th solicitorial district, filed a petition in the name of the State of North Carolina with W. K. McLean, resident judge of the 28th judicial district, to remove from office William E. Creasman, a justice of the peace for Asheville Township, Buncombe County, for an alleged conspiracy to cheat and defraud Buncombe County out of fees collected for service of process from May 1960 until the present time, and for an alleged issuing of process for certain business firms and not collecting the required fees until the present time. It is alleged in the petition that the solicitor is acting under the provisions of G.S. Ch. 128, secs. 16 and 17.

Taking judicial notice of our own records, when this proceeding was before us at the Fall Term 1961, *S. v. McMilliam,* 243 N.C. 775, 92 S.E. 2d 205, this appears from the record proper: the day the petition was filed by solicitor Swain he presented it to W. K. McLean, resident judge of the 28th judicial district, who on the same day entered an order wherein, after reciting that William E. Creasman is a justice of the peace for Asheville Township, Buncombe County, duly appointed by him under and by virtue of G.S. 7-115, and after reciting a summary of the charges alleged in the petition against Creasman, Creasman is ordered to appear before him in chambers on 28 January 1961 there to be heard in the proceeding.

On 28 January 1961 respondent filed an answer denying the material allegations of the petition and alleging a number of facts as a further answer and defense.

Taking further judicial notice of our records, it appears the proceeding came on to be heard by Judge McLean at the appointed time and place, who, after hearing the evidence and counsel, entered a judgment reciting that the petition came on to be heard by him under and

by authority of the provisions of G.S. 7-115, and removing Creasman from office. On appeal this Court reversed the judgment below. 255 N.C. 546, 122 S.E. 2d 358. Our opinion was filed 1 November 1961. The motion in the cause was filed 27 November 1961.

The motion in the cause alleges the initiation of the proceeding to remove him from office, wherein it is stated the solicitor is acting under the provisions of G.S. Ch. 128, secs. 16 and 17, the judgment removing him from office, the reversal of the judgment on appeal, the final termination of the proceeding favorable to him, and prays that he be allowed reasonable and necessary expense, including a reasonable attorney fee.

The motion was heard by Judge Martin upon the petition and answer, decision of this Court on appeal, motion in the cause, and arguments of counsel as to whether or not upon the record respondent was entitled as a matter of law to the allowance of any expenses. Judge Martin entered an order to the effect that the proceeding in the superior court and thereafter to remove Creasman from office was pursuant to the provisions of G.S. 7-115, that G.S. 128-20 is not applicable to proceedings under G.S. 7-115, that Creasman, a justice of the peace, is not a county officer within the meaning of G.S. 128-20, and denied respondent's motion. Respondent excepted and appeals.

G.S. 128-16, which was enacted by the General Assembly before 1920, prior to 1959 provided that "any city prosecuting attorney, any sheriff, police officer, or constable, shall be removed from office by the judge of the superior court upon charges made in writing" for certain specified offenses. The General Assembly at its 1959 Session amended G.S. 128-16 by inserting after the comma following the word "attorney" the words "any justice of the peace," which amendment became effective after its ratification 20 June 1959. Session Laws of North Carolina 1959, Ch. 1286. The General Assembly at its 1961 Session again amended G.S. 128-16 by striking out the words "Any city prosecuting attorney" at the beginning of the statute and inserting in lieu thereof the words "Any judge or prosecuting attorney of any court inferior to the Superior Court," and by inserting after the words "Superior Court" the words "resident in or holding the courts of the district where said officer is resident." Session Laws of North Carolina 1961, Ch. 991. The 1961 amendment became effective after its ratification 17 June 1961, and Judge McLean's judgment removing respondent from office was entered 6 February 1961, as appears from the records of this Court.

G.S. 128-17 provides that the petition for removal may be filed by the solicitor of the district, or by others specified therein.

G.S. 128-20 provides that the trial of such a removal proceeding shall take precedence over all other cases upon the court calendar, "and shall be heard at the next term after the petition is filed, providing the proceedings are filed in said court in time for said action to be heard," and the superior court shall fix the time of hearing. This section further provides, "if the final termination of such proceedings be favorable to any accused officer, said officer shall be allowed the reasonable and necessary expense, including a reasonable attorney fee, to be fixed by the judge, he has incurred in making his defense, by the county, if he be a county officer, or by the city or town in which he holds office, if he be a city officer."

G.S. 128-16 through G.S. 128-20, both inclusive, are codified in General Statutes under Ch. 128, entitled "Offices and Public Officers," Art. 2, entitled "Removal of Unfit Officers."

Prior to 1955 G.S. 7-115, which appears in General Statutes under Ch. 7, entitled "Courts," Subchapter V, entitled "Justices of the Peace," Art. 14, entitled "Election and Qualification," provided that the Governor may, from time to time, at his discretion, appoint one or more fit persons in every county to act as justices of the peace and issue to each justice of the peace a commission, and it further provided that he may under certain circumstances revoke such commission. This section prior to 1955 did not provide for the removal from office of a justice of the peace by a court.

In 1955, the General Assembly, 1955 Session Laws, Ch. 910, amended G.S. 7-115 by striking out all the language of the section and substituting in lieu thereof language to this effect: In addition to other methods provided by law for appointment or election of a justice of the peace, the resident judge of the superior court of the district in which a county is situated may, from time to time, at his discretion, appoint one or more fit persons as justice of the peace in said county, who shall hold office for two years, provided the appointing judge shall find to his satisfaction there is then existing a need for such additional justice or justices of the peace. G.S. 7-115, as amended, rewritten, and enacted by the 1955 General Assembly specifically provides, *"Any justice of the peace so appointed may, after due notice and hearing, be removed from office by the resident judge of the superior court of the district in which the county is situated, for misfeasance, malfeasance, nonfeasance or other good cause."* (Emphasis ours.) This Act became effective 1 July 1955. *McIntyre v. Clarkson,* 254 N.C. 510, 515, 119 S.E. 2d 888, 891. G.S. 7-115 in effect since 1 July 1955 has no provision, like G.S. 128-20, to the effect that if the removal hearing results in a final termination

of the proceeding favorable to the accused justice of the peace, the said justice of the peace shall be allowed reasonable and necessary expense, including a reasonable attorney fee, incurred in defending himself.

Respondent Creasman was appointed a justice of the peace for Asheville Township, Buncombe County, by W. K. McLean, resident judge of the superior court of the district in which Buncombe County is situate. Although the solicitor in his petition alleged that he was acting under the provisions of G.S. Ch. 128, secs. 16 and 17, it is manifest that the proceeding was heard under the provisions of G.S. 7-115 for two reasons: One, Judge McLean so stated in his judgment removing Creasman from office (see first appeal in this proceeding, 255 N.C. 546, 547, 122 S.E. 2d 358, 359), and two, he proceeded promptly to hear the proceeding, after due notice to Creasman, in chambers, instead of fixing the time of hearing the proceeding "at the next term after the petition is filed," as provided in G.S. 128-20.

Since the 1959 amendment to G.S. 128-16, any justice of the peace, and also many other officers, may be removed from office under the provisions of G.S. 128-16 through G.S. 128-20, both inclusive, if at a hearing at a term of the superior court he is found guilty of the commission of one or more acts prohibited by G.S. 128-16. G.S. 7-115, as rewritten and enacted by the 1955 General Assembly, is far more restrictive in its scope than G.S. 128-16 through G.S. 128-20, both inclusive, because it provides that a justice or justices of the peace appointed by the resident judge may be removed from office by the resident judge, not some other judge, for cause, after a hearing, and it does not provide for a hearing at term, thereby affording a more prompt procedure for the hearing of charges against such a justice of the peace than provided under the provisions of G.S. 128-16 through G.S. 128-20, both inclusive, and further because it has no application to a justice or justices of the peace not appointed by the resident judge, or to any other officer.

When the 1955 General Assembly rewrote and enacted G.S. 7-115, it did not write in the Act a provision like the provision in G.S. 128-20 that if in a proceeding under G.S. 7-115 there was a final termination of the proceeding for the removal of a justice of the peace appointed by the resident judge favorable to him, he should be allowed the reasonable and necessary expense, including a reasonable attorney fee, incurred in making his defense. By reason of this omission, and of the fact that the 1955 Act makes no reference to G.S. 128-20, and of the very restrictive scope of G.S. 7-115, it

seems the Legislature never intended that the provisions of G.S. 128-20 should be applicable to proceedings under G.S. 7-115. G.S. 7-115 and G.S. 128-16 through G.S. 128-20, both inclusive, do not deal with the same subject or matter, because of the very restrictive scope of the provisions of G.S. 7-115, so as to bring into effect the familiar rule of statutory construction that statutes in *pari materia* are to be construed together, if possible, and make the provisions of G.S. 128-20 applicable to proceedings for removal of a justice of the peace under the provisions of G.S. 7-115, when there is a final termination of the proceeding favorable to the accused justice of the peace. *Coach Lines v. Brotherhood,* 254 N.C. 60, 68, 118 S.E. 2d 37, 43, as to statutes in *pari materia.*

The hearing here was under the provisions of G.S. 7-115, and in our opinion the provisions of G.S. 128-20 are not applicable to proceedings under G.S. 7-115, and such was the legal conclusion of the judge below with which we agree.

Having arrived at this conclusion, which is fatal to respondent's appeal, we do not reach for determination the superfluous legal conclusion of the judge below that a justice of the peace is not a county officer within the meaning of G.S. 128-20, and on that interesting question we express no opinion.

All respondent's assignments of error are overruled and the judgment below is

Affirmed.