IN THE MATTER OF: APPEAL OF McLEAN TRUCKING COMPANY,
WINSTON-SALEM, NORTH CAROLINA, FROM AN ACTION OF
THE FORSYTH COUNTY BOARD OF COMMISSIONERS PLACING
THE TAXABLE SITUS OF CERTAIN OF THE APPELLANT'S
OVER-THE-ROAD VEHICLES IN WINSTON TOWNSHIP (CITY OF
WINSTON-SALEM), NORTH CAROLINA, AS OF JANUARY 1, 1969

No. 95

(Filed 12 July 1973)

1. Taxation § 25— property listed in wrong township — discovered prop-
erty

   Where a trucking company's tractors and trailers should have
   been listed for ad valorem taxation for 1970 in the city and town-
   ship where its principal office was located but were improperly listed
   in another township, the city had authority to list and collect taxes
   on such equipment for 1970 as "discovered property" and to assess
   taxes on the property for any of the preceding five years in which
   the property escaped taxation by the city. G.S. 105-331.

2. Taxation § 25— meaning of "discovered property"

   As used in former G.S. 105-332, the phrase "discovered property"
   means property which the tax authorities have ascertained should
   have been listed for tax purposes by the owner but which was not so
   listed.

APPEAL by City of Winston-Salem and Forsyth County from
the restraining order entered by *Wood, J.,* upon motion in the
above listed cause at the January 22, 1973 Civil Session, FOR-
SYTH Superior Court. All parties stipulated that the original
records in Cases Nos. 65 and 66 and reported in 281 N.C. 242,
188 S.E. 2d 452, and 281 N.C. 375, 189 S.E. 2d 194, may be
considered by the Court without being reprinted as a part of the
record on this appeal.

In short summary, the records in the prior cases disclose
the following: McLean Trucking Company for many years prior
to 1969 conducted a large interstate transportation business in
which it used many tractors and trailers. A part of this equip-
ment has been determined to be taxable in North Carolina. Mc-
Lean Trucking Company's main office was located in the City
of Winston-Salem, Forsyth County.

For a number of years prior to 1969, McLean Trucking
Company owned a storage lot in Broadbay Township where it
listed its tractors and trailers for county tax purposes. For the
tax year 1969, the City of Winston-Salem (coterminous with
Winston Township) made an unsuccessful effort to list and tax

In re Trucking Co.

the tractors and trailers for city tax purposes at the situs of the Trucking Company's home office.

In Case No. 66, *In re Trucking Company*, reported in 281 N.C. 375, this Court held that all tractors and trailers (taxable in North Carolina) should be listed at the situs of McLean's home office in the City of Winston-Salem (Winston Township) and not in Broadbay Township where McLean attempted to list them. It is obvious, of course, that insofar as concerns the county taxes, it is immaterial whether the listing was in Winston Township or Broadbay Township. The county rate is uniform for all townships. By listing in Broadbay Township, McLean escaped all city taxes on the tractors and trailers.

The City of Winston-Salem claimed the right to list and tax McLean's trucking equipment for that year (1969) as "discovered property" and to exercise its right to subject the property to city taxes for the preceding five years. This Court in *In re Trucking Company*, 281 N.C. 242, held that the city's attempt to make the listing was ineffectual for two reasons: (1) The Board of Equalization and Review had finished its work and had adjourned prior to the city's attempt to make the listing; and (2) the equipment could not be listed as "discovered property."

For the year 1970, McLean again listed its transportation equipment in Broadbay Township. The city listed the equipment on its tax books as "discovered property" for the year 1970, computed the city taxes for that year, and for the preceding five years. McLean obtained the restraining order now challenged. The city and county appealed. Upon stipulation of all parties, this Court certified the record for review here prior to consideration by the Court of Appeals.

*Hamrick, Doughton and Newton by Claude M. Hamrick and George E. Doughton, Jr., for appellee.*

*Womble, Carlyle, Sandridge & Rice by W. F. Womble and Roddey M. Ligon, Jr., for appellant City of Winston-Salem.*

*P. Eugene Price, Jr., for appellant Forsyth County.*

HIGGINS, Justice.

The appeal challenges the validity of the restraining order which prohibits the City of Winston-Salem from collecting city taxes on McLean Trucking Company's equipment for each of

the years 1965-66-67-68-69. All parties concede the city is entitled to collect (and apparently has already collected) the taxes for the year 1970.

Our former decisions establish these propositions of law: (1) The proper situs for the listing of all McLean's rolling stock is, and has been at all times, Winston-Salem which is coterminous with Winston Township, and not in Broadbay Township where the owner had made the listing. The city tax authorities attempted to list and collect taxes for the year 1969. (2) This Court in Case No. 65 (decided May 10, 1972) held the city's attempt was ineffectual for two reasons assigned in the opinion.

For the year 1970 the city authorities listed all of McLean's equipment in Winston-Salem contending that the equipment should have been at all times listed in the city where McLean's home office was located and never at any time should have been listed in Broadbay Township. The city's tax authorities assessed the taxes not only for the year 1970, but for the preceding five years, contending the equipment was "discovered property" within the meaning of the tax laws, and taxable for each of the preceding five years during which the property had escaped taxation. G.S. 105-302 provided:

> *"Place for listing tangible personal property.*— (a) Except as otherwise provided in this section, all tangible personal property and polls shall be listed in the township in which the owner thereof has his residence. . . ."

The law in effect for the taxing years involved was G.S. 105-331 providing for discovery and assessment:

> "(a) . . . It shall be the duty of . . . the list takers to be constantly looking out for property and polls which have not been listed for taxation. . . .

> "(b) Procedure upon Discovery.—When property or polls are discovered they shall be listed in the name of the taxpayer. . . .

> "(c) Assessment for Previous Years; Penalties.—The county commissioners may assess any such property or list such poll for the preceding years during which it escaped taxation, not exceeding five, in addition to the current year. . . .

> When personal property is discovered which should have been listed for the current year, it shall be presumed

that such property should have been listed by the same taxpayer for the preceding five years, unless the taxpayer shall produce satisfactory evidence that such property was not in existence, that it was actually listed for taxation or that it was not his duty to list the same during said years. . . .

"(d) . . . .

"(e) Application to Cities and Towns.—The provisions of this section shall extend to all cities, towns and other municipal corporations having power to tax property or polls. . . . "

The taxpayer has contended that the listing of the rolling stock in Broadbay Township was a sufficient listing to prevent the application of the "discovered property" statute. G.S. 105-332. The contention is not sustained by the facts and the wording of the statute. The section specifies "All property and polls *validly listed for taxation.* . . ." (Emphasis added.) The listing in Broadbay Township was not a valid listing. McLean was not authorized to list its property anywhere except the situs of its home office. *In re Trucking Company,* 281 N.C. 375.

[1] From the foregoing we conclude: (1) McLean's attempt to list its rolling stock in Broadbay Township was in contravention of the requirement that personal property *shall* be listed in the place of the owner's residence, or if a corporation, at the place of its home office. (2) The tax authorities of the City of Winston-Salem had power to list and collect McLean Trucking Company's taxes on its tractors and trailers for the year 1970 as "discovered property." (3) The city has the right to impose taxes for the preceding five years or for any of them in which the property escaped taxation.

[2] This decision requires a re-examination of the tax agent's right to list "discovered property." This Court in Case No. 65 (decided May 10, 1972) discussed the question. However, the Court only defined "discovered" and not the phrase "discovered property." The Court adopted the dictionary's definition of "discovered"—"newly found, not previously known." The definition of "discovered" is unobjectionable, but the conclusion does not follow that "discovered property" means property that was newly found or not previously known. The phrase "discovered property" means property which the tax authorities have ascertained should have been listed for tax purposes by the owner

but which was not so listed, thus the property escaped taxation. This definition, we think, is inescapable when the legislative history of the phrase "discovered property" is taken into account.

The General Assembly in 1939, G.S. 105-331, states:

> *"Discovery and assessment of property not listed during the regular listing period.*—(a) . . . . It shall be the duty of the members of the board of commissioners, the supervisor and the list takers to be constantly looking out for property and polls which have not been listed for taxation. . . .

> "(b) Procedure upon Discovery.—When property or polls are discovered they shall be listed in the name of the taxpayer . . . .

> "(c) Assessment for Previous Years; Penalties.—The county commissioners may assess any such property or list such poll for the preceding years during which it escaped taxation, not exceeding five, in addition to the current year. . . .

> "(d) . . . .

> "(e) Application to Cities and Towns.—The provisions of this section shall extend to all cities, towns and other municipal corporations having power to tax property or polls, and the power conferred and the duties imposed . . . shall be exercised and performed by the governing body of the municipal corporation."

*Personal property, and polls as well,* were objects of discovery if unlisted for tax purposes at the home of the owner. Formerly a poll tax was imposed upon all males between the ages of 21 and 55. Polls being included on the same terms as personal property, it cannot be said that each "poll" a male between 21 and 55 was "newly found, not previously known."

The law in effect at the time pertinent to decision authorized the authorities to list and tax personal property which the owner had failed to list in the proper tax situs. McLean Trucking Company never listed for any of the years involved any of its rolling stock which the city now seeks to tax. This fact alone gave the authorities the right to place the property on the city's tax records as "discovered property."

The foregoing interpretation of "discovered property" as defined by the law in effect at the time of the listing, is supported and confirmed by the General Assembly's recent dealing with the subject.

In 1969 the General Assembly by Resolution No. 92 created a commission for the study of local and ad valorem taxes in the State of North Carolina and to make recommendations to the Governor and to the 1971 General Assembly. The study commission recommended that the phrase "discovered property" shall include not only that which the owner failed to list, *but should include also that which the owner substantially understated the value, quantity, or other measurement.* The commission recommended that the substantial understatement of value or quantity provision should also be treated as "discovered property."

The new Machinery Act, drawn in conformity with the commission's recommendations and passed as Chapter 806, Session Laws of 1971, now G.S. 105-312 provides:

"(1) The phrase 'discovered property' shall include property that was not listed by the taxpayer or any other person during a regular listing period and also property that was listed but with regard to the value, quantity, or other measurement of which the taxpayer made a substantial understatement in listing.

"(2) . . . .

"(3) The phrase 'to discover property' shall refer to the determination that property has not been listed during a regular listing period and to the identification of the omitted item. For discoveries made after July 1, 1971, and in future years, the phrase shall also refer to the determination that listed property was returned by the taxpayer with a substantial understatement of value, quantity, or other measurement."

Section 3 makes understatement of value or quantity "discovered property" after July 1, 1971. Property which the owner failed to list has been "discovered property" since 1939.

For the reasons above stated we find it necessary to reverse the restraining order entered by Judge Wood and remand the case to the end that the City of Winston-Salem may proceed to levy and collect taxes for any years prior to 1970, not in excess

of five, in which McLean's property escaped taxation, with this one exception: Taxes for the year 1969 were dealt with in our decision in Case No. 65 in which we denied the right of the city to tax the rolling stock for the year 1969. That decision is res judicata as to the year 1969 and is not subject to collateral attack. Therefore, in assessing the property for any of the taxation years preceding 1970, the year 1969 shall not be included. At most, the city can assess only for 1965 through 1968.

The restraining order entered by Judge Wood is vacated and the proceeding remanded for disposition as here directed.

Vacated and remanded.