IN THE MATTER OF: APPEAL OF McLEAN TRUCKING COMPANY, WINSTON-SALEM, NORTH CAROLINA, FROM AN ACTION OF THE FORSYTH COUNTY BOARD OF COMMISSIONERS PLAC-·ING THE TAXABLE SITUS OF CERTAIN OF THE APPELLANT'S OVER - THE - ROAD VEHICLES IN WINSTON TOWNSHIP (CITY OF WINSTON-SALEM), NORTH CAROLINA, AS OF JAN-UARY 1, 1969

No. 64

(Filed 1 July 1974)

1. **Appeal and Error § 42; Evidence § 1— records of Supreme Court — judicial notice**

    The N. C. Supreme Court will take judicial notice of its own records.

2. **Taxation §§ 24, 25— interstate equipment of trucking company — tax situs**

    Although the tax situs of a trucking company's interstate equipment for the year 1969 was Winston Township, neither the Forsyth County Board of Commissioners nor the County Board of Equalization and Review had authority to change the trucking company's tax listing from Broadbay Township to Winston Township at the time such change was undertaken because (1) the Board of Equalization and Review had finished its work and had adjourned prior to the attempted change in listing, and (2) as of the date of the attempted listing the equipment could not be listed as discovered property.

3. **Taxation §§ 24, 25— situs of taxable property — discovered property defined**

    The phrase "discovered property" means property which the tax authorities have ascertained should have been listed for tax purposes by the owner but which was not so listed, as a result of which the property has escaped taxation, and that phrase was applicable to property of a trucking company listed in a township other than that of the situs of its home office so that the City of Winston-Salem was thereby empowered to list that property in Winston Township where the home office of the company was located and to collect taxes on the property for 1970 and for five years previous to that, with the exception of 1969, during which the property might have escaped taxation.

4. **Taxation § 24— tax situs — burden of proof**

    The burden is on the taxpayer who contends that some portion of his taxable personal property is not within the taxing jurisdiction of his domicile to prove that the same property has acquired a tax situs in another jurisdiction, and the trucking company in this case failed to carry that burden.

5. **Judgments § 37— res judicata — matters concluded**

    Generally, the plea of *res judicata* applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject in litigation and which the parties, exercising reasonable

In re Trucking Co.

diligence, might have brought forward at the time and determined respecting it.

APPEAL by the City of Winston-Salem and Forsyth County from judgment of *Wood, J.,* 19 November 1973 Civil Session, FORSYTH Superior Court, certified for initial appellate review by this Court prior to determination by the Court of Appeals.

McLean Trucking Company (McLean) is incorporated in North Carolina and has its principal office in the City of Winston-Salem, the boundaries of which are coterminous with Winston Township in Forsyth County.

For many years prior to 1970 McLean listed its *interstate equipment* (tractors and trailers) for tax purposes in Broadbay Township outside the City of Winston-Salem, paying taxes thereon to the County but not to the City. This was allegedly done pursuant to a long-standing opinion of a former county attorney for Forsyth County.

Accordingly, in 1969 McLean listed its interstate equipment for tax purposes in Broadbay Township. The question arose as to whether such vehicles should have been listed for taxes in Winston Township and, following various conferences between attorneys for the City, the County, and McLean, the taxing officials concluded that McLean's interstate vehicles should be listed and taxed in Winston Township. On 10 September 1969 the Tax Supervisor for the City and County notified McLean of his intent to list the vehicles in Winston Township and requested McLean to agree that the valuation for tax purposes in Winston Township should be the valuation used by McLean in listing the vehicles in Broadbay Township. McLean declined to enter into such agreement; and on 17 September 1969 advised the Tax Supervisor that (1) the vehicles were properly listed for taxation in Broadbay Township and (2) in any event, he had no authority to change the listing to Winston Township for the reason that the time within which such change might have been made, if otherwise proper, had expired.

On 22 September 1969, the Forsyth County Board of Commissioners met and fixed the value of the vehicles in question at $4,318,560, the identical valuation at which they had been listed by McLean in Broadbay Township and upon which McLean had already paid the County taxes.

On 26 September 1969 the Tax Supervisor advised McLean that he was placing the vehicles on the tax books of Winston

Township for 1969 taxes at the valuation shown; and on 30 September 1969 he billed McLean for 1969 *City taxes* based upon such listing. McLean refused to pay this bill and appealed to the State Board of Assessment.

On 12 May 1970 the State Board of Assessment concluded, among other things, that the tax situs of the vehicles in question, as of 1 January 1969, was Winston Township and that the City of Winston-Salem was lawfully entitled to collect City taxes thereon for the year 1969. McLean petitioned for judicial review by the superior court.

The superior court affirmed the conclusions of the State Board of Assessment with respect to the tax situs of the property in question but remanded the matter to the State Board of Assessment on the question of valuation with directions to take additional evidence as to whether the property was taxable on an apportionment basis and, if so, to determine the proper apportionment. From that judgment McLean, the County and the City appealed to the Court of Appeals, and the case was certified for initial appellate review in the Supreme Court prior to determination by the Court of Appeals.

We held that the City's attempt to list the property in question in Winston Township for the calendar year 1969 was without legal effect because (1) the Board of Equalization and Review had finished its work and had adjourned prior to the City's attempt to make the listing; and (2) the equipment could not be listed as "discovered property." Even so, the opinion states that "Winston Township was the tax situs of these tractors and trailers as of 1 January 1969 and they should have been listed for 1969 taxes therein." *In re Trucking Co.*, 281 N.C. 242, 188 S.E. 2d 452 (1972).

For the year 1970, McLean again listed its interstate equipment in Broadbay Township. The Tax Supervisor for the City and County transferred the equipment to Winston Township, listed same there as "discovered property" for the year 1970, computed the City taxes for that year, *and also for the preceding five years*. McLean, contending that (1) the appraised valuation was excessive, (2) the correct valuation should be apportioned on the basis of the ratio of intrastate miles traveled by McLean vehicles to the total interstate miles traveled, and (3) the tax situs of these vehicles was Broadbay Township, sought relief from the County Board of Equalization and Review. That Board affirmed the determinations of the Tax Supervisor in all

---

In re Trucking Co.

---

of these respects and McLean appealed to the State Board of Assessment. The State Board made findings of fact and concluded, *inter alia:* (1) The County had valued the property in question in excess of its fair market value; (2) the taxable situs of the property was Winston Township; and (3) the property in question had acquired a partial tax situs outside North Carolina which should be taken into account. The County, the City and McLean petitioned for judicial review in the superior court.

The superior court entered judgment (1) affirming the finding of the State Board of Assessment that the tax situs of McLean's interstate equipment was Winston Township; (2) affirming the State Board's determination of the value of the vehicles; (3) reversing a portion of the State Board's order that certain items of McLean's rolling stock must be listed in certain counties other than Forsyth; and (4) remanding the matter to the State Board of Assessment for further consideration on the question of apportionment. The County, the City and McLean all appealed, and the case was certified for initial appellate review by the Supreme Court.

The decision of this Court (1) affirmed the finding that the tax situs of the vehicles in question for the year 1970 was Winston Township; (2) vacated the decision of the State Board of Assessment with respect to the value fixed for tax purposes for the year 1970; (3) vacated that portion of the State Board's decision which ordered McLean to list certain items of rolling stock in counties other than Forsyth; and (4) remanded the matter to the State Board of Assessment for determination by it of the true value in money as of 1 January 1970 of the property in question. *In re Trucking Co.,* 281 N.C. 375, 189 S.E. 2d 194 (1972).

Thereafter, and in due course, the Board of Aldermen of the City of Winston-Salem adopted a resolution instructing the tax officials to proceed with collection of taxes on McLean's interstate equipment for the five years prior to 1970 (1965 through 1969). Upon adoption of that resolution, McLean (1) appealed to the State Board of Assessment and (2) applied to the superior court for an injunction to prevent the City from collecting the taxes. The injunction was granted by the superior court over objection, and both the City and County appealed. Again, the matter was certified for initial appellate review in the Supreme Court prior to determination in the Court of Appeals.

This Court held: (1) That the tax situs of the property in question was and is Winston Township, and McLean's attempt to list said property in Broadbay Township was in contravention of the statute requiring a corporation to list all its personal property at the place of its principal office in this State; (2) that the City of Winston-Salem was legally empowered to list McLean's interstate tractors and trailers for taxation for the year 1970 as "discovered property" and collect taxes thereon; (3) that the City had the right to impose and collect taxes on said property for any years prior to 1970, not in excess of five, in which McLean's property escaped taxation, with one exception: The property in question may not be "discovered" and listed in Winston Township for the year 1969 because our decision in *In re Trucking Co.*, 281 N.C. 242, 188 S.E. 2d 452 (1972), as to the year 1969 is *res judicata* and not subject to collateral attack; and (4) that the restraining order entered by Judge Wood be vacated and the proceeding remanded for disposition in accord with the opinion. *In re Trucking Co.*, 283 N.C. 650, 197 S.E. 2d 520 (1973).

Following receipt of the Supreme Court decision, the City of Winston-Salem requested the State Board of Assessment to dismiss McLean's appeal to that Board, contending the decision had adjudicated all issues pending before the State Board of Assessment. The State Board denied said motion.

The City and County then tendered a judgment vacating the restraining order theretofore signed by Judge Wood insofar as it related to 1965, 1966, 1967 and 1968 taxes on the interstate equipment of McLean Trucking Company, and containing the following paragraph:

> "It is further ORDERED, ADJUDGED and DECREED that the City of Winston-Salem may proceed to levy and collect taxes for any years prior to 1970, not in excess of five, in which McLean's property escaped taxation, except that no taxes may be collected on said property for the year 1969."

Judge Wood rejected the proposed judgment and signed a judgment tendered by McLean, identical in all respects to the judgment tendered by the City and County, except the quoted paragraph which was omitted. To the refusal of the trial court to sign and enter the judgment tendered by the City, and to the entry of judgment tendered by McLean, the City and County

excepted and appealed. We certified the cause for initial review in this Court prior to determination by the Court of Appeals.

*W. F. Womble and Roddey M. Ligon, Jr. of the firm of Womble, Carlyle, Sandridge & Rice, Attorneys for the City of Winston-Salem, appellant; P. Eugene Price, Jr., Attorney for Forsyth County, appellant.*

*Claude M. Hamrick and George E. Doughton, Jr., of the firm of Hamrick, Doughton and Newton, Attorneys for McLean Trucking Company, appellee.*

HUSKINS, Justice.

[1]   The foregoing chronology of this litigation is gleaned from the docketed records in the four appeals which have now been carried through this Court. The Supreme Court will take judicial notice of its own records. *Swain v. Creasman,* 260 N.C. 163, 132 S.E. 2d 304 (1963). Our decisions on the three previous appeals establish these propositions:

[2]   1. The tax situs of McLean's interstate equipment for the years 1969 and 1970 was Winston Township, the boundaries of which are coterminous with the corporate boundaries of the City of Winston-Salem. The property in question should have been listed therein for 1969 and 1970 taxes. *In re Trucking Co.,* 281 N.C. 242, 188 S.E. 2d 452 (1972); *In re Trucking Co.,* 281 N.C. 375, 189 S.E. 2d 194 (1972); *In re Trucking Co.,* 283 N.C. 650, 197 S.E. 2d 520 (1973).

2. Neither the Forsyth County Board of Commissioners nor the County Board of Equalization and Review had authority to change McLean's 1969 tax listing from Broadbay Township to Winston Township for two reasons: (1) The Board of Equalization and Review had finished its work and had adjourned prior to the City's attempt to make the listing; and (2) "as of the date of the attempted listing" the equipment could not be listed as "discovered property." We so held in *In re Trucking Co.,* 281 N.C. 242, 188 S.E. 2d 452 (1972). By reason of the Tax Supervisor's tardy attempt to change the listing of this property for 1969 at a time when the County Board of Equalization and Review was powerless to take such action, and our decision to that effect reported in 281 N.C. 242, the matter is *res judicata* as to the year 1969 and the property in question has permanently escaped taxation by the City for that year.

**[3]**   3. Our decision in *In re Trucking Co.,* 281 N.C. 242, 188 S.E. 2d 452 (1972), applies to taxation of the property in question *for the year 1969 only.* Its application was thus limited by our decision in *In re Trucking Co.,* 283 N.C. 650, 197 S.E. 2d 520 (1973). There, speaking through Justice Higgins, we held that the word "discovered" and the phrase "discovered property" are not synonymous, the former meaning "newly found, not previously known," while the latter means *property which the tax authorities have ascertained should have been listed for tax purposes by the owner but which was not so listed, as a result of which the property has escaped taxation.* That definition of "discovered property" was then applied to the facts in this controversy, and we specifically held that McLean's listing of its interstate equipment in Broadbay Township was insufficient to prevent application of the "discovered property" statute because (1) the listing in Broadbay Township was an *invalid* listing and (2) McLean was not authorized to list its tangible personal property anywhere except at the situs of its home office. The law thus written in *In re Trucking Co.,* 283 N.C. 650, 197 S.E. 2d 520 (1973), is authoritative with respect to the discovery, listing and taxation of the property in question for the year 1970 and for any or all of the years 1965, 1966, 1967 and 1968 in which said property escaped taxation by the City.

4. The City of Winston-Salem was and is legally empowered to list said property in Winston Township for taxation for the year 1970 as "discovered property" and collect taxes thereon for the year 1970 and, except for the year 1969, for each of the five years prior to 1970 in which said property escaped taxation. *In re Trucking Co.,* 283 N.C. 650, 197 S.E. 2d 520 (1973) ; G.S. 105-331(c), (e) as written prior to the 1971 revision. This means that the City of Winston-Salem may, after listing the property in Winston Township as discovered property, levy and collect taxes on same in any or all of the years 1965, 1966, 1967 and 1968 in which said property escaped taxation by the City.

5. The property in question must be appraised for purposes of taxation "at its true value in money" as of 1 January of each of the years 1965, 1966, 1967 and 1968. *In re Trucking Co.,* 281 N.C. 375, 189 S.E. 2d 194 (1972). If the parties cannot agree on its true value in money, resort may be had to the County Board of Equalization and Review and thereafter to the State Board of Assessment (now the Property Tax Commission) with judicial review by the courts as provided by law.

[4]   6. For the tax years 1965, 1966, 1967, 1968 and 1970 there was no statutory authority in this State for apportionment of the value of McLean's interstate equipment between or among the City and County where McLean's principal office is located and other taxing units in or out of this State. *In re Trucking Co.,* 281 N.C. 375, 189 S.E. 2d 194 (1972) ; *Transfer Corp. v. County of Davidson,* 276 N.C. 19, 170 S.E. 2d 873 (1969) ; G.S. 105-281 and G.S. 105-302 (a) as written prior to the 1971 revision. The burden is on the taxpayer who contends that some portion of his taxable personal property is not within the taxing jurisdiction of his domicile to prove that the same property has acquired a tax situs in another jurisdiction. *Transfer Corp. v. County of Davidson, supra.* There is nothing in the present record or in any of the three previous records involving this matter which tends to show that any portion of McLean's property had acquired a non-domiciliary tax situs for any of the years 1965 through 1970. Hence, arguments at this late date concerning apportionment only becloud the fundamental question of liability for home town taxes.

Applying the enumerated legal principles to the case now before us, we hold:

(1)   The restraining order heretofore signed by Judge Wood was vacated by this Court (283 N.C. at 656) and the judgment entered in this case upon remand must decree accordingly.

(2)   The only questions open for administrative or judicial review are (a) whether the property in question escaped taxation by the City for any or all of the years 1965, 1966, 1967 and 1968, and (b) if so, whether the property has been appraised for tax purposes at its true value in money as of January 1 each year.

All other matters concerning the right of the City to discover, list and tax the property in question for the named years have been litigated and decided. *In re Trucking Co.,* 281 N.C. 375, 189 S.E. 2d 194 (1972) ; *In re Trucking Co.,* 283 N.C. 650, 197 S.E. 2d 520 (1973). To contend otherwise and say "there has been no determination in any forum with respect to McLean's rights to defend against the assessments for the years 1965 through 1968" is unrealistic and contrary to the facts and the law contained in the cited cases.

[5]   Public policy requires that there be an end to litigation. The decisions of this Court in this matter are *res judicata* and

---

In re Trucking Co.

---

estop McLean from raising the same issues in the future. "The general rule is that judgment of a court of competent jurisdiction is final and binding upon parties and privies. Ordinarily, to constitute a judgment an estoppel there must be an identity of parties as well as of the subject matter. In scope of operation with respect to the subject matter 'it is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided. . . . The court requires parties to bring forward the whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect to matters which might have been brought forward as part of the subject in controversy . . . The plea of *res adjudicata* applies, except in special cases, not only to the points upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject in litigation and which the parties, exercising reasonable diligence, might have brought forward at the time and determined respecting it.' Herman on Estoppel and Res Judicata, sec. 122, p. 130, and sec. 123, p. 131." *Gibbs v. Higgins,* 215 N.C. 201, 1 S.E. 2d 554 (1939). *Accord, Walker v. Story,* 256 N.C. 453, 124 S.E. 2d 113 (1962) ; *State v. Burell,* 256 N.C. 288, 123 S.E. 2d 795 (1962) ; *Hayes v. Ricard,* 251 N.C. 485, 112 S.E. 2d 123 (1960).

[3] The judgment appealed from is vacated and the proceeding is remanded to the Superior Court of Forsyth County for entry of judgment decreeing that:

1. The restraining order entered by Judge Wood on 25 January 1973 be vacated.

2. The City of Winston-Salem may proceed to list the property in question in Winston Township as discovered property and may levy and collect City taxes thereon for the year 1970 and for any of the years 1965, 1966, 1967 and 1968 in which the property escaped taxation by the City.

3. Costs shall be taxed against McLean Trucking Company.

Vacated and remanded.